ER

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

FILED
OCT 23 2012
MICHAEL E. KUNZ, Clerk
By_______ Dep. Clerk

WHEELER ZAMICHIELI, Plaintiff

AGAINST

12 3200

POLICE OFFICER, WILLIAM ANDREWS
POLICE OFFICER, MELVIN VICTOR
POLICE COMMISSIONER, CHARLES RAMSEY
MAYOR, MICHAEL NUTTER
THE CITY OF PHILADELPHIA

COMPLAINT under the Civil Rights Act, 42 U.S.C. § 1983

Jury Trial: YES

I. PARTIES IN THIS COMPLAINT ABOVE:

A. PLAINTIFF WHEELER ZAMICHIELI
ID# 67271066
FEDERAL DETENTION CENTER, PHILA
P.O. Box 562
PHILA, PA. 19105

B. DEFENDANT NO. 1, POLICE OFFICER, WILLIAM ANDREWS #3935
WHERE EMPLOYED, PHILADELPHIA POLICE DEPARTMENT
ADDRESS, 14TH DISTRICT POLICE STATION, PHILA, PA.

DEFENDANT NO. 2, POLICE OFFICER, MELVIN VICTOR #5583
WHERE EMPLOYED, PHILADELPHIA POLICE DEPARTMENT
ADDRESS, 14TH DISTRICT POLICE STATION, PHILA, PA.

DEFENDANT NO. 3, POLICE COMMISSIONER, CHARLES RAMSEY
WHERE EMPLOYED, PHILADELPHIA POLICE DEPARTMENT
ADDRESS, POLICE HEADQUARTERS, 8TH & RACE ST. PHILA, PA.

DEFENDANT NO. 4, MAYOR, MICHAEL NUTTER
WHERE EMPLOYED, MAYOR'S OFFICE
ADDRESS, CITY HALL, PHILA, PA.

DEFENDANT NO. 5, THE CITY OF PHILADELPHIA
WHERE EMPLOYED, CITY OF PHILADELPHIA
ADDRESS, PHILA, PA.

II. STATEMENT OF CLAIM:

A. THIS CIVIL ACTION SEEKS MONETARY DAMAGES FOR THE EXTRAORDINARY INJURIES AND LOSSES SUFFERED BY PLAINTIFF, WHEELER ZAMICHIELI, BY TWO PHILADELPHIA POLICE OFFICERS, EMPLOYED BY THE CITY OF PHILADELPHIA. POLICE OFFICERS, MELVIN VICTOR AND WILLIAM ANDREWS

CONDUCTED A WARRENTLESS SEARCH OF PLAINTIFF, ON 2/20/11 AROUND 2:27 AM, ARRESTING HIM FOR ILLEGAL FIREARMS POSSESSION, IN ABSENCE OF PROBABLE CAUSE, VIOLATING PLAINTIFF'S CONSTITUTIONAL RIGHTS, WHILE ACTING UNDER THE COLOR OF STATE LAW. THESE TWO OFFICERS UNLAWFUL & UNCONSTITUTIONAL ACTS, WERE UNDER THE DIRECTION OF POLICE COMMISSIONER, CHARLES RAMSEY, AND MAYOR, MICHAEL NUTTER'S "STOP & FRISK" POLICY, WHICH IS A NEW CUSTOM/PRACTICE SIGN INTO LAW, FOR THE PHILADELPHIA POLICE DEPARTMENT.

B. PLAINTIFF'S CASE WAS ADOPTED FROM THE STATE COURT, BY THE UNITED STATES ATTORNEY'S OFFICE, ZANE MEMGER, ON 7/12/11, UNDER INDICTMENT NO. 11-393. ATF AGENT, PAT HENNING INVESTIGATED THE ADOPTION, ARRESTED PLAINTIFF ON 7/13/11, WHILE ASSISTANT U.S. ATTORNEY, ~~VICTORIA~~ VIGINIA PAIGE PRATTER PROSECUTED THE CASE, UNDER THE COLOR OF STATE LAW. PLAINTIFF WAS BROUGHT BEFORE THE U.S. DISTRICT COURT, DENIED THE RIGHT TO BAIL, IMPRISONED AND DETAINED FOR 175 DAYS.

C. PLAINTIFF WAS FORCE TO TRIAL 11/21/11, AND EXNORATED OF THE INDICTMENT, BY WAY OF SUPPRESSION HEARING DISTRICT JUDGE, BERLE SCHILLER ON 12/9/11. PLAINTIFFS UNLAWFUL ARREST & MALICIOUS PROSECUTION, DEPRIVED HIM OF HIS CONSTITUTIONAL RIGHTS, TO BE FREE FROM WARRENTLESS SEARCHES & SEIZURES, FALSE IMPRISONMENTS, DUE PROCESS. THESE ARE VIOLATIONS OF THE U.S. CONSTITUTION, AND STATUTORY AUTHORITIES "OF LAW, IN THE STATE OF PENNSYLVANIA", THAT TOOK PLACE HERE.

III. JURISDICTION AND VENUE

A. THIS ACTION ARISES UNDER THE LAWS OF THE UNITED STATES, AND JURISDICTION IS CONFERRED ON THIS COURT PURSUANT TO 42 U.S.C. § 1983, 28 U.S.C. § 1331 (FEDERAL QUESTION) AND 28 U.S.C. § 1343 (CIVIL RIGHTS). SUPPLEMENTAL JURISDICTION OF THE COURT OVER CLAIMS ARISING UNDER STATE LAW IS INVOKED PURSUANT TO 28 U.S.C. § 1367.

B. VENUE IN THE EASTERN DISTRICT OF PENNSYLVANIA IS APPROPRIATE PURSUANT TO 28 U.S.C. § 1391(b), SINCE IT'S IN THE DISTRICT WHICH MANY DEFENDANTS RESIDE, AND BECAUSE A SUBSTANIAL PART OF THE EVENTS OR OMISSION GIVING RISE TO THE CLAIMS, OCCURRED WITHIN THE EASTERN DISTRICT OF PENNSYLVANIA.

IV. CONSTITUTIONAL RIGHTS VIOLATION

A. COUNT I, UNDER THE FOURTH AMENDMENT, RATIFIED WITH THE BILL OF RIGHTS IN 1791, PROHIBITING UNREASONABLE SEARCHES AND SEIZURES, AND THE ISSUANCE OF WARRANTS WITHOUT PROBABLE CAUSE.

(i) PLAINTIFF, WHEELER ZAMICHIELI'S, FOURTH AMENDMENT RIGHTS WERE VIOLATED, WHEN OFFICER WILLIAM ANDREWS AND MELVIN VICTOR, ILLEGALLY SEACH PLAINTIFF

IN THE ABSENCE OF A WARRENT, AND PROBABLE CAUSE TO ARREST,

(ii) UNDER THE FOURTH AMENDMENT, PROBABLE CAUSE MUST BE ESTABLISHED, BEFORE AN ARREST/SEARCH WARRENT MAY BE ISSUED. IT CANNOT BE ESTABLISHED SIMPLY BY SHOWING THAT, THE OFFICER WHO MADE THE CHALLENGED ARREST OR SEARCH SUBJECTIVELY BELEIVED HE HAD GROUNDS FOR HIS ACTION.

(iii) OFFICER ANDREWS ATTEMPTED TO JUSTIFY HIS ILLEGAL SEARCH, UNDER THE "PLAIN SIGHT DOCTRINE" WHICH IS AN EXCEPTION TO THE WARRENT REQUIREMENT. HIS JUSTIFICATION WAS LESS PLAUSIBLE BEFORE U.S. DISTRICT JUDGE, BERLE SCHILLER, WHO RULED IN FAVOR OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS BEING VIOLATED BY POLICE. (SEE EXHIBIT A, JUDGES OPINION)

(iv) DUE TO THE DISTRICT COURTS RULING IN FAVOR OF PLAINTIFF IN THE CRIMINAL MATTER, FOR VIOLATION OF HIS 4TH AMENDMENT RIGHTS, IT BARS DEFENDANTS FROM RELITIGATION IN CIVIL PROCEEDINGS, PURSUANT TO THE DOCTRINE OF "COLLATERAL ESTOPPEL & RES JUDICATA". PLAINTIFF IS ENTITLED TO SUMMARY JUDGEMENT.

(V) DEFENDANTS IN THIS SUIT ARE LIABLE JOINTLY & SEVERALLY, FOR CIVIL DAMAGES, WHICH ENTITLES PLAINTIFF, MONETARY DAMAGES.

B. COUNT II, UNDER THE FOURTEENTH AMENDMENT, RATIFIED IN 1868, WHOSE PRIMARY PROVISIONS EFFECTIVELY APPLY THE BILL OF RIGHTS TO THE STATES BY PROHIBITING STATES FROM DENYING DUE PROCESS AND EQUAL PROTECTION AND FROM ABRIDGING THE PRIVILEGES AND IMMUNITIES OF U.S. CITIZENSHIP.

(i) PLAINTIFF ASSERTS THAT, AS A DIRECT VIOLATION OF THE DEFENDANTS ACTION & IN-ACTIONS, IN REGARDS TO HIS CONSTITUTIONAL RIGHTS BEING VIOLATED, CAUSED PLAINTIFF TO BE DENIED THE RIGHT OF "DUE PROCESS". THE EQUAL PROTECTION RIGHT TO BE FREE FROM A DEPRIVATION OF A PERSONS LIBERTY.

(ii) PLAINTIFF'S LIBERTY WAS TAKEN FROM HIM, WHEN HE WAS ILLEGALLY ARRESTED BY THE DEFENDANTS IN THIS SUIT. PLAINTIFF WAS DEPRIVED OF HIS RIGHT TO BAIL, AND FALSILY IMPRISONED, AT THE FEDERAL DETENTION CENTER IN PHILADELPHIA, FOR 175 DAYS SPENT IN CUSTODY.

(iii) THE DUE PROCESS RIGHTS OF PLAINTIFF WAS FUNDAMENTLY IMPORTANT AS TO REQUIRE COMPLIANCE WITH DUE PROCESS STANDARDS OF FAIRNESS AND JUSTICE.

(iv) DUE PROCESS STANDARDS OF FAIRNESS AND JUSTICE, COULD NOT BE EXCERSIZED BY PLAINTIFF, BECAUSE HE WAS DEPRIVED OF HIS 14TH AMENDMENT RIGHTS AND FALSELY IMPRISONED.

C. COUNT III MALICIOUS PROSECUTION

(i) MAYOR, MICHAEL NUTTER, POLICE COMMISSIONER, CHARLES RAMSEY, AND THE CITY OF PHILADELPHIA, INTENTIONALLY & MALICIOUSLY WITH RECKLESS DISREGARD FOR, AND DELIBERATE INDIFFERENCE TO PLAINTIFF, WHEELER ZAMICHIELI'S CONSTITUTIONAL RIGHTS, CREATED THE "STOP & FRISK" POLICY.

(ii) THE "STOP & FRISK" POLICY, SIGN INTO CONGRESS, ~~IN-ACTED~~ ENACTED A CUSTOM/PRACTICE ORDERING AND COMPELLING PHILADELPHIA POLICE TO "STOP & FRISK" CITIZENS OF PHILADELPHIA, DISREGARDING THE CONSTITUTIONAL RIGHTS OF U.S. CITIZENS, AND PROSECUTING THEM, AFTER ILLEGAL ARREST.

(iii) THE AFORESAID DEFENDANT'S IN THIS SUIT, VIOLATED PLAINTIFF'S 4TH AND 14TH AMENDMENT RIGHTS, BY SIGNING THIS POLICY INTO LAW, WHICH WAS ENFORCED BY POLICE OFFICER, WILLIAM ANDREWS, AND MELVIN VICTOR, WHEN THEY ILLEGALLY SEARCHED AND ARRESTED PLAINTIFF, IN THE ABSENCE OF PROBABLE CAUSED.

(iv) THE "STOP & FRISK" POLICY WAS MADE, IN THE ABSENCE OF ADEQUATE POLICE ~~TRAING~~ TRAINING. SUCH ABSENCE OF TRAINING, WHILE ATTEMPTING TO PRACTICE THE CUSTOM OF SAID POLICY, CAUSED THE DEFENDANTS/POLICE OFFICERS IN THIS SUIT, TO VIOLATE PLAINTIFF'S

CONSTITUTIONAL RIGHTS.

(V) UNDER THE DIRECTIONS OF THE DEFENDANTS, MALICIOUSLY PROSECUTING PLAINTIFF WITHOUT REGARD TO GUILT OR INNOCENCE, PROXIMATELY AND DIRECTLY CAUSED PLAINTIFF INJURY, INCLUDING GREAT DISTRESS, PHYSICAL AND MENTAL PAIN, ANGUISH, FEAR, SUFFERING, LOSS OF COMPANIONSHIP AND SELF-EMPLOYED ENTRAPRENEURSHIP.

I. DAMAGES

(i) THE ACTIONS OF DEFENDANTS JOINTLY & SEVERALLY VIOLATED PLAINTIFF'S CONSTITUTIONAL AND CIVIL RIGHTS UNDER THE FOURTH & FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE OF THE PENNSYLVANIA STATE CONSTITUTION.

(ii) AS A DIRECT AND PROXIMATE CAUSE OF DEFENDANTS' ILLEGAL ACTS, PLAINTIFF WAS ILLEGALLY ARRESTED, DENIED BAIL, FALSE IMPRISONED FOR 175 DAYS, THREATEN BY A 15 YEAR PRISON TERM, AND PROSECUTED.

(iii) PLAINTIFF SUFFERED SEPERATION FROM HIS FAMILY AS WELL AS CHILDREN, GRANDCHILD, AND SPOUSE. PLAINTIFF SUFFERED MENTALLY & PSYCHOLOGICAL STRESS AS A RESULT OF BEING PUBLICLY AND

FALSELY PROSECUTED, FOR WHICH PLAINTIFF IS ENTITLED
TO COMPENSATORY, MONETARY, AND PUNITIVE DAMAGES.

VI. LEGAL ARGUMENT

(i) THE DOCTRINE OF COLLATERAL ESTOPPEL & RES JUDICATA,
BARS DEFENDANTS IN ~~THE~~ THIS 1983 CIVIL ACTION, FROM
RELITIGATION OF PLAINTIFF'S CLAIM THAT, HIS FOURTH
AMENDMENT RIGHTS TO THE U.S. CONSTITUTIONAL WERE
VIOLATED, IN WHICH A FINAL JUDGEMENT BY U.S. DISTRICT
JUDGE, BERLE SCHILLER'S OPINION. (SEE EXHIBIT A, OPINION)
SUPPORTS THIS ARGUMENT.

(ii) DUE TO THE FINAL JUDGEMENT BY THE DISTRICT COURT,
PLAINTIFF IS ENTITLE TO CIVIL DAMAGES, ON HIS
4TH AMENDMENT VIOLATION CLAIM, WHEREAS, SUMMARY
JUDGEMENT IN FAVOR OF PLAINTIFF IS REQUESTED AND
REQUIRED.

(iii) PLAINTIFF ARGUES THAT, THE VIOLATION OF HIS 14TH
AMENDMENT RIGHTS BEING VIOLATED, AND FALSE IMPRISONED
FOR 175 DAYS, REQUIRES SUMMARY JUDGEMENT.

(iv) PLAINTIFF ARGUES THAT, HIS DUE PROCESS RIGHTS WERE
VIOLATED, IN WHICH THE DEFENDANTS MALICIOUS PROSECUTION,
ENTITLES PLAINTIFF, CIVIL DAMAGES, AND SUMMARY JUDGEMENT.

(v) PLAINTIFF ARGUES THAT, THE DEFENDANTS AS A MUNICIPALITY IN THIS CIVIL ACTION, IS NOT PROTECTED FROM THE DOCTRINE OF QUALIFIED IMMUNITY, BECAUSE THEIR CONDUCT VIOLATED CLEARLY ESTABLISHED STATUTORY OR CONSTITUTIONAL RIGHTS OF WHICH A REASONABLE PERSON WOULD HAVE KNOWN.

(vi) THE MAYOR, POLICE COMMISSIONER, AND THE CITY OF PHILA., WAS RESPONSIBLE FOR THE CONSTITUTIONAL VIOLATIONS OF PLAINTIFF, BY VIRTUE OF IT'S DEFICIENT "STOP & FRISK" POLICY AND PROCEDURES, CONTRARY TO THE CONSTITUTIONAL LAWS.

(vii) THE "STOP & FRISK" POLICY CARRIED OUT UNDER THE COLOR OF LAW, WAS AND IS A OFFICIAL POLICY WHICH CAUSED AN EMPLOYEE (P/O ANDREWS & MELVIN VICTOR) TO VIOLATE PLAINTIFF'S CONSTITUTIONAL RIGHTS

(viii) THE "STOP & FRISK" POLICY SHOULDN'T EXIST, BECAUSE THE POLICY MAKER HAS FAILED TO ACT AFFIRMATIVELY, AND TAKE ACTION TO CONTROL THE DEFENDANTS HERE IN THIS SUIT. IT'S INADEQUATE AND EXISTING PRACTICE, RESULTED IN THE VIOLATION OF PLAINTIFFS CONSTITUTIONAL RIGHTS, WHICH CAN BE SAID TO BE, DELIBERATELY INDIFFERENT TO THE NEED. IT FAILED ~~HAS~~ AS A POLICY ~~HOLDER~~, AND WAS HIGHLY PREDICTABLE CONSEQUENCES OF A FAILURE TO EQUIP POLICE WITH A SPECIFIC TOOL TO

HANDLE RECURRING SITUATION, SUCH A FAILURE of TRANING CONTENDS THAT THE LACK WAS A MOTIVATING FORCE BEHIND THE VIOLATIONS OF PLAINTIFF.

VII. RELIEF REQUEST (SUMMARY JUDGEMENT FOR PLAINTIFF)

(i) AN AWARD of COMPENSATORY DAMAGES TO PLAINTIFF, IN AN AMOUNT TO BE DETERMINED BY THE COURT

(ii) AN AWARD of PUNITIVE DAMAGES TO PLAINTIFF, AGAINST DEFENDANT'S JOINTLY & SEVERALLY, IN AN AMOUNT TO BE DETERMINED BY THE COURT.

(iii) AN AWARD of MONETARY DAMAGES, FOR REASONABLE COST & of ATTORNEY FEES, PURSUANT TO 42 U.S.C. § 1988, TO BE DETERMINED BY THE COURT.

(iv) AN INJUNCTION RESTRAINING DEFENDANT'S, EMPLOYEES, LIASON, FROM RETALIATING AGAINST PLAINTIFF, BY RE-INDICTING OR SUPERCEDING INDICTMENT.

VERIFICATION

I, WHEELER ZAMICHIELI, HEREBY VERIFY AND CERTIFY THAT, THE STATEMENTS MADE HEREIN, ARE TRUE AND CORRECT, AND THE INFORMATION GIVEN, IS TO THE BEST of MY KNOWLEDGE, INFORMATION AND BELIEF. ANY FALSE STATEMENTS MADE, SUBJECTS ME TO THE PENALTIES of PERJURY.

DATE: JUNE 4, 2012

Wheeler Zamicheli

CERTIFICATE OF SERVICE

I WHEELER ZAMICHIELI, HEREBY CERTIFY THAT, A TRUE AND CORRECT COPY OF THE FOREGOING: 42 U.S.C. § 1983 CIVIL ACTION, WITH IN FORMA PAUPERIS REQUEST, AS WELL AS INMATE ACCOUNT INFORMATION, ALONG WITH ATTACHED EXHIBIT A, DISTRICT COURTS OPINION, WAS SENT VIA UNITED STATES MAIL, PREPAID TO THE CLERK'S OFFICE, FOR THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA. I DECLARE UNDER PENALTY OF PERJURY THAT THESE ACTIONS OF PLAINTIFF TRANSPIRED ON THIS 4TH DAY OF JUNE, 2012

Wheeler Zamicheli

WHEELER ZAMICHELI
#67271066
FDC PHILA
P.O. BOX 562
PHILA, PA. 19105

WHEELER ZAMICHIELI
#67271066
FDC PHILA
P.O. BOX 562
PHILA, PA. 19105

RECEIVED
JUN

JUNE 4, 2012

MICHAEL KUNTZ, CLERK OF COURT
UNITED STATES DISTRICT COURT
U.S. COURTHOUSE
601 MARKET STREET
PHILA, PA. 19105

RE: PLAINTIFF'S 42 U.S.C. § 1983 SUIT

DEAR MR. KUNTZ,

ENCLOSED WITH THIS LETTER ARE THE ORIGINAL AND CARBON COPIES OF MY 42 U.S.C. § 1983 CIVIL ACTION, ~~WITH~~ WHICH I WAS FORCED TO HAND WRITE, BECAUSE PRISON STAFF ~~ARE~~ WERE UN-AVAILABLE TO MAKE COPIES FOR ME. ATTACHED EXHIBIT A, ALONG WITH A COPY OF MY PRISON ACCOUNT STATEMENT FOR THE PAST 6 MONTHS, AND IN FURMA PAUPERIS. PLEASE DOCKET SAID FILING, AND SEND ME A DOCKET SHEET, VERFYING RECEIPT AND FILING. THANK YOU FOR YOUR TIME & SERVICE.

CC: SELF

RESPECTFULLY
Wheeler Zamichieli

**UNITED STATES OF AMERICA v. WHEELER ZAMICHIELI**
**UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**2011 U.S. Dist. LEXIS 141610**
**CRIMINAL ACTION No. 11-393**
**December 9, 2011, Decided**
**December 9, 2011, Filed**

**Counsel** For **WHEELER ZAMICHIELI**, A/K/A " TROY ZANICHIELI", Defendant: MICHAEL K. PARLOW, LEAD ATTORNEY, GALLANT & PARLOW, BENSALEM, PA.
For USA, Plaintiff: VIRGINIA PAIGE PRATTER, DEPARTMENT OF JUSTICE, PHILADELPHIA, PA.

**Judges:** Berle M. Schiller, J.

**Opinion**

**Opinion by:** Berle M. Schiller

**Opinion**

**MEMORANDUM**

**Schiller, J.**

In a one-count indictment, the Government charged **Wheeler Zamichieli** as a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Philadelphia police officers recovered the weapon underlying the charge during a traffic stop. **Zamichieli** now moves to suppress the gun that police found in the car he was driving, arguing that the officers' actions constituted an illegal search and seizure in violation of the Fourth Amendment. **Zamichieli** also seeks to suppress statements he made to the police after he was pulled over. The Court held a hearing on the motion on November 21, 2011. For the reasons that follow, the Court grants the motion.

**I. BACKGROUND**

At approximately 2:27 in the morning on February 20, 2011, Philadelphia Police Department Officers William Andrews and Melvin Victor were driving back to their district, having responded to several shootings in the adjacent district. (Nov. 21, 2011 Hr'g Tr. at 23-25, 45-46, 53.) At the intersection of Wister Street and West Nedro Avenue, the officers saw a red Chevrolet Impala speed through a stop sign and almost hit their patrol car. (*Id.* at 25, 46.) They turned on their lights and sirens and followed the Impala until it turned the wrong way on a one-way street and stopped. (*Id.* at 25, 46-47.) The officers testified that this was a normal traffic stop and that they were no longer searching for suspects in the shootings at the time. (*Id.* at 30, 53-54.)

Officer Andrews approached the Impala on the passenger side, Officer Victor on the driver side. (*Id.* at 26.) Officer Victor testified that the driver of the Impala, later identified as **Zamichieli**, turned on the interior dome light as the officers approached. (*Id.* at 47.) **Zamichieli** denied ever turning on the dome light. (*Id.* at 65.) **Zamichieli** turned and stuck his head out of the open window on the driver side, resting both arms on the window frame so that his body was facing Officer Victor, and asked

© 2012 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

why he had been pulled over. (*Id.* at 47-48.)

Officer Andrews testified that he scanned the interior of the car as he approached, saw a .38 revolver sitting in plain view on the front passenger seat of the car, and yelled "Gun" to alert his partner. (*Id.* at 26, 47.) Officer Victor removed **Zamichieli** from the Impala, handcuffed him, and placed him in the back of the patrol car while Officer Andrews retrieved the firearm, which contained five spent shell casings. (*Id.* at 26, 49-50.) Officer Victor never saw where Officer Andrews found the gun. (*Id.* at 57-58.) Both officers testified that **Zamichieli** was cooperative at all times during the stop and did not make any suspicious or furtive movements. (*Id.* at 26, 36, 56.) The officers issued two citations for Zamichieli's traffic violations. (Gov't's Ex. 1; Nov. 21, 2011 Hr'g Tr. at 51-52.)

At the hearing, **Zamichieli** disputed Officer Andrews's claim that the gun was on the front passenger seat and testified that the gun was actually secreted under the front passenger seat. (*Id.* at 65, 70.) According to **Zamichieli**, the officers pulled him out of the car with guns drawn before conducting a search. (*Id.* at 64.) The defense introduced into evidence a picture of the Impala, allegedly taken the month before the traffic stop, showing that the car had tinted windows. (Def.'s Ex. 2; Nov. 21, 2011 Hr'g Tr. at 63.) **Zamichieli** also testified that the car doors and passenger-side window were closed when the officers approached. (*Id.* at 65.) Neither officer could remember whether the windows were tinted or whether the passenger-side window was up or down during the traffic stop. (*Id.* at 28-29, 38, 57-58.) Officer Victor confirmed that he did not ask for a driver's license, registration, or proof of insurance while **Zamichieli** was in the car. (*Id.* at 59-60.)

**II. STANDARD OF REVIEW**

The movant bears the burden of proving, by a preponderance of the evidence, that the evidence in question should be suppressed. *United States v. Johnson*, 63 F.3d 242, 245 (3d Cir. 1995) (citing *United States v. Acosta*, 965 F.2d 1248, 1256 n. 9 (3d Cir. 1992)). "However, once the defendant has established a basis for his motion, *i.e.*, the search or seizure was conducted without a warrant, the burden shifts to the government to show that the search or seizure was reasonable." *Johnson*, 63 F.3d at 245.

**III. DISCUSSION**

The initial traffic stop was lawful. "It is well-established that a traffic stop is lawful under the Fourth Amendment where a police officer observes a violation of the state traffic regulations." *United States v. Moorefield*, 111 F.3d 10, 12 (3d Cir. 1997). In this case, the officers observed **Zamichieli** speed through a stop sign and drive the wrong way down a one-way street, both traffic violations under Pennsylvania law. *See* 75 Pa. Cons. Stat. §§ 3323(b); 3308(b).

Nonetheless, **Zamichieli** argues that the search and seizure of the gun during the traffic stop violated his Fourth Amendment rights. Weighing the evidence presented, the Court finds the officers' version of the story implausible. There was no reason for **Zamichieli** to turn on the dome light when he had already opened the driver-side window to speak with Officer Victor and was not asked to provide his paperwork-nor is it likely that **Zamichieli** would do so with a gun sitting in plain view on the front passenger seat. Without the dome light on, it would be nearly impossible for Officer Andrews to see a gun on the front seat through a closed, tinted window in the dark of night. The Court therefore credits Zamichieli's testimony that the gun was under the front passenger seat. Because the gun was not in plain view, the only way for the officers to find the it was to search the vehicle. Absent an applicable exception, the officers were not permitted to conduct a warrantless search of the Impala without probable cause to believe it contained evidence of criminal activity. *See United States v. Burton*, 288 F.3d 91, 100 (3d Cir. 2002). The Government has not met its burden of showing that the search was reasonable.

© 2012 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

The Government argues that once Officer Andrews saw the gun in plain view, the officers had probable cause to arrest **Zamichieli** for carrying a firearm without a license and, as a result, they were authorized to conduct a search incident to the arrest. (Gov't's Opp. to Def.'s Mot. to Suppress Physical Evidence and Statements and Mot. in Limine Seeking Severance at 7.) "Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." *Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000) (internal quotation marks omitted). The search of "a vehicle incident to a recent occupant's arrest" is lawful "when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search," or "when it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle." *Arizona v. Gant*, 556 U.S. 332, 129 S. Ct. 1710, 1719, 173 L. Ed. 2d 485 (2009). **Zamichieli** was not arrested for traffic violations, but rather for carrying a firearm without a license. Because the Court has found that the gun was not in plain view, the officers only had probable cause to arrest **Zamichieli** for an offense related to the gun after searching the vehicle. Therefore, the exception to the probable cause requirement for searches incident to arrest does not apply because there was no probable cause to arrest prior to the search. *See Knowles v. Iowa*, 525 U.S. 113, 118-19, 119 S. Ct. 484, 142 L. Ed. 2d 492 (1998) (holding that the exception does not apply when a police officer has probable cause to believe the defendant has committed a traffic offense but only issues a citation); *Smith v. Ohio*, 494 U.S. 541, 543, 110 S. Ct. 1288, 108 L. Ed. 2d 464 (1990) ("[The exception] does not permit the police to search any citizen without a warrant or probable cause so long as an arrest immediately follows.").

During a traffic stop, an officer is also entitled to "conduct a search of the passenger compartment, if he has a reasonable suspicion that the occupants might be armed and dangerous." *United States v. Bonner*, 363 F.3d 213, 216 (3d Cir. 2004) (citing *Michigan v. Long*, 463 U.S. 1032, 1049-50, 103 S. Ct. 3469, 77 L. Ed. 2d 1201 (1983)). "The court measures the reasonableness of the officer's suspicion by taking into account the totality of the circumstances." *United States v. Focareta*, 283 F. App'x 78, 83 (3d Cir. 2008) While the test is an objective one, "[t]he searching officer's subjective beliefs are part of the totality of the circumstances that the court examines when determining whether there was an objective basis" for the search. *Id.* at 84. Officers Andrews and Victor testified that this was a normal traffic stop and that **Zamichieli** was cooperative and made no suspicious or furtive movements. Without any objective basis to believe that **Zamichieli** was armed and dangerous, the officers lacked reasonable suspicion to search the Impala. Accordingly, this exception to the probable cause requirement is also inapplicable.

Because the search was conducted in violation of Zamichieli's Fourth Amendment rights, all evidence obtained in connection with the search, including the gun and any statements made by **Zamichieli** following the search, must be suppressed as fruit of the poisonous tree. *See Wong Sun v. United States*, 371 U.S. 471, 487-88, 83 S. Ct. 407, 9 L. Ed. 2d 441 (1963).

**IV. CONCLUSION**

The weapon underlying the charge against **Zamichieli** was obtained through an illegal search. As a result, the motion to suppress must be granted. An appropriate Order will be docketed separately.

**ORDER**

**AND NOW**, this **9th** day of **December, 2011**, upon consideration of Defendant's Motion to Suppress Physical Evidence and Statements and the Government's responses thereto, following a hearing conducted on November 21, 2011, and for the reasons provided in this Court's Memorandum dated December 9, 2011, it is hereby **ORDERED** that the motion (Document No. 20) is **GRANTED.**

© 2012 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

**BY THE COURT:**

/s/ Berle M. Schiller

**Berle M. Schiller, J.**

© 2012 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.

B. DEFENDANT NO. 1, POLICE OFFICER, WILLIAM ANDREWS #3935
WHERE EMPLOYED, PHILADELPHIA POLICE DEPARTMENT
ADDRESS, 14TH DISTRICT POLICE STATION, PHILA, PA.

DEFENDANT NO. 2, POLICE OFFICER, MELVIN VICTOR #5583
WHERE EMPLOYED, PHILADELPHIA POLICE DEPARTMENT
ADDRESS, 14TH DISTRICT POLICE STATION, PHILA, PA.

DEFENDANT NO. 3, POLICE COMMISSIONER, CHARLES RAMSEY
WHERE EMPLOYED, PHILADELPHIA POLICE DEPARTMENT
ADDRESS, POLICE HEADQUARTERS, 8TH & RACE ST. PHILA, PA.

DEFENDANT NO. 4, MAYOR, MICHAEL NUTTER
WHERE EMPLOYED, MAYOR'S OFFICE
ADDRESS, CITY HALL, PHILA, PA.

DEFENDANT NO. 5, THE CITY OF PHILADELPHIA
WHERE EMPLOYED, CITY OF PHILADELPHIA
ADDRESS, PHILA, PA.

II. STATEMENT OF CLAIM:

A. THIS CIVIL ACTION SEEKS MONETARY DAMAGES FOR THE EXTRAORDINARY INJURIES AND LOSSES SUFFERED BY PLAINTIFF, WHEELER ZAMICHIELI, BY TWO PHILADELPHIA POLICE OFFICERS, EMPLOYED BY THE CITY OF PHILADELPHIA. POLICE OFFICERS, MELVIN VICTOR AND WILLIAM ANDREWS

CONDUCTED A WARRENTLESS SEARCH OF PLAINTIFF, ON 2/20/11 AROUND 2:27 AM ARRESTING HIM FOR ILLEGAL FIREARMS POSSESSION, IN ABSENCE OF PROBABLE CAUSE, VIOLATING PLAINTIFF'S CONSTITUTIONAL RIGHTS, WHILE ACTING UNDER THE COLOR OF STATE LAW. THESE TWO OFFICERS UNLAWFUL & UNCONSTITUTIONAL ACTS, WERE UNDER THE DIRECTION OF POLICE COMMISSIONER, CHARLES RAMSEY, AND MAYOR, MICHAEL NUTTER'S "STOP & FRISK" POLICY, WHICH IS A NEW CUSTOM / PRACTICE SIGN INTO LAW, FOR THE PHILADELPHIA POLICE DEPARTMENT.

B. PLAINTIFF'S CASE WAS ADOPTED FROM THE STATE COURT, BY THE UNITED STATES ATTORNEY'S OFFICE, ZANE MEMGER, ON 7/12/11, UNDER INDICTMENT NO. 11-393. ATF AGENT, PAT HENNING INVESTIGATED THE ADOPTION, ARRESTED PLAINTIFF ON 7/13/11, WHILE ASSISTANT U.S. ATTORNEY, ~~VICTORIA~~ VIGINIA PAIGE PRATTER PROSECUTED THE CASE, UNDER THE COLOR OF STATE LAW. PLAINTIFF WAS BROUGHT BEFORE THE U.S. DISTRICT COURT, DENIED THE RIGHT TO BAIL, IMPRISONED AND DETAINED FOR 175 DAYS.

C. PLAINTIFF WAS FORCE TO TRIAL 11/21/11, AND EXNORATED OF THE INDICTMENT, BY WAY OF SUPPRESSION HEARING DISTRICT JUDGE, BERLE SCHILLER ON 12/9/11. PLAINTIFF'S UNLAWFUL ARREST & MALICIOUS PROSECUTION, DEPRIVED HIM OF HIS CONSTITUTIONAL RIGHTS, TO BE FREE FROM WARRENTLESS SEARCHES & SEIZURES, FALSE IMPRISONMENTS, DUE PROCESS. THESE ARE VIOLATIONS OF THE U.S. CONSTITUTION, AND STATUTORY AUTHORITIES, OF LAW, IN THE STATE OF PENNSYLVANIA, THAT TOOK PLACE HERE

## III. JURISDICTION AND VENUE

A. THIS ACTION ARISES UNDER THE LAWS OF THE UNITED STATES, AND JURISDICTION IS CONFERRED ON THIS COURT PURSUANT TO 42 U.S.C. § 1983, 28 U.S.C. § 1331 (FEDERAL QUESTION) AND 28 U.S.C. § 1343 (CIVIL RIGHTS). SUPPLEMENTAL JURISDICTION OF THE COURT OVER CLAIMS ARISING UNDER STATE LAW IS INVOKED PURSUANT TO 28 U.S.C. § 1367.

B. VENUE IN THE EASTERN DISTRICT OF PENNSYLVANIA IS APPROPRIATE PURSUANT TO 28 U.S.C. § 1391(b), SINCE IT'S IN THE DISTRICT WHICH MANY DEFENDANTS RESIDE, AND BECAUSE A SUBSTANIAL PART OF THE EVENTS OR OMISSION GIVING RISE TO THE CLAIMS, OCCURRED WITHIN THE EASTERN DISTRICT OF PENNSYLVANIA.

## IV. CONSTITUTIONAL RIGHTS VIOLATION

A. COUNT I, UNDER THE FOURTH AMENDMENT, RATIFIED WITH THE BILL OF RIGHTS IN 1791, PROHIBITING UNREASONABLE SEARCHES AND SEIZURES, AND THE ISSUANCE OF WARRANTS WITHOUT PROBABLE CAUSE.

(i) PLAINTIFF, WHEELER ZAMICHELI'S, FOURTH AMENDMENT RIGHTS WERE VIOLATED, WHEN OFFICER WILLIAM ANDREWS AND MELVIN VICTOR, ILLEGALLY SEACH PLAINTIFF

IN THE ABSENCE OF A WARRENT, AND PROBABLE CAUSE TO ARREST.

(ii) UNDER THE FOURTH AMENDMENT, PROBABLE CAUSE MUST BE ESTABLISHED, BEFORE AN ARREST/SEARCH WARRENT MAY BE ISSUED. IT CANNOT BE ESTABLISHED SIMPLY BY SHOWING THAT, THE OFFICER WHO MADE THE CHALLENGED ARREST OR SEARCH SUBJECTIVELY BELEIVED HE HAD GROUNDS FOR HIS ACTION.

(iii) OFFICER ANDREWS ATTEMPTED TO JUSTIFY HIS ILLEGAL SEARCH, UNDER THE "PLAIN SIGHT DOCTRINE" WHICH IS AN EXCEPTION TO THE WARRENT REQUIREMENT. HIS JUSTIFICATION WAS LESS PLAUSIBLE BEFORE U.S. DISTRICT JUDGE, BERLE SCHILLER, WHO RULED IN FAVOR OF PLAINTIFF'S FOURTH AMENDMENT RIGHTS BEING VIOLATED BY POLICE. (SEE EXHIBIT A, JUDGES OPINION)

(iv) DUE TO THE DISTRICT COURTS RULING IN FAVOR OF PLAINTIFF IN THE CRIMINAL MATTER, FOR VIOLATION OF HIS 4TH AMENDMENT RIGHTS, IT BARS DEFENDANTS FROM RELITIGATION IN CIVIL PROCEEDINGS, PURSUANT TO THE DOCTRINE OF "COLLATERAL ESTOPPEL & RES JUDICATA". PLAINTIFF IS ENTITLED TO SUMMARY JUDGEMENT.

(V) DEFENDANTS IN THIS SUIT ~~IS~~ ARE LIABLE JOINTLY & SEVERALLY, FOR CIVIL DAMAGES, WHICH ENTITLES PLAINTIFF, MONETARY DAMAGES.

B. COUNT II, UNDER THE FOURTEENTH AMENDMENT, RATIFIED IN 1868, WHOSE PRIMARY PROVISIONS EFFECTIVELY APPLY THE BILL OF RIGHTS TO THE STATES BY PROHIBITING STATES FROM DENYING DUE PROCESS AND EQUAL PROTECTION AND FROM ABRIDGING THE PRIVILEGES AND IMMUNITIES OF U.S. CITIZENSHIP.

(i) PLAINTIFF ASSERTS THAT, AS A DIRECT VIOLATION OF THE DEFENDANTS ACTION & IN-ACTIONS, IN REGARDS TO HIS CONSTITUTIONAL RIGHTS BEING VIOLATED, CAUSED PLAINTIFF TO BE DENIED THE RIGHT OF "DUE PROCESS." THE EQUAL PROTECTION RIGHT TO BE FREE FROM A DEPRIVATION OF A PERSONS LIBERTY.

(ii) PLAINTIFFS' LIBERTY WAS TAKEN FROM HIM, WHEN HE WAS ILLEGALLY ARRESTED BY THE DEFENDANTS IN THIS SUIT, PLAINTIFF WAS DEPRIVED OF HIS RIGHT TO BAIL, AND FALSILY IMPRISONED, AT THE FEDERAL DETENTION CENTER IN PHILADELPHIA, FOR 175 DAYS SPENT IN CUSTODY.

(iii) THE DUE PROCESS RIGHTS OF PLAINTIFF WAS FUNDAMENTLY IMPORTANT AS TO REQUIRE COMPLIANCE WITH DUE PROCESS STANDARDS OF FAIRNESS AND JUSTICE.

(IV) DUE PROCESS STANDARDS OF FAIRNESS AND JUSTICE, COULD NOT BE EXCERSIZED BY PLAINTIFF, BECAUSE HE WAS DEPRIVED OF HIS 14TH AMENDMENT RIGHTS AND FALSELY IMPRISONED.

C. COUNT III MALICIOUS PROSECUTION

(i) MAYOR, MICHAEL NUTTER, POLICE COMMISSIONER, CHARLES RAMSEY, AND THE CITY OF PHILADELPHIA, INTENTIONALLY & MALICIOUSLY WITH RECKLESS DISREGARD FOR, AND DELIBERATE INDIFFERENCE TO PLAINTIFF, WHEELER-ZAMICHIELI'S CONSTITUTIONAL RIGHTS, CREATED THE "STOP & FRISK" POLICY.

(ii) THE "STOP & FRISK" POLICY, SIGN INTO CONGRESS, ~~IN ACTED~~ ENACTED A CUSTOM/PRACTICE ORDERING AND COMPELLING PHILADELPHIA POLICE TO "STOP & FRISK" CITIZENS OF PHILADELPHIA, DISREGARDING THE CONSTITUTIONAL RIGHTS OF U.S. CITIZENS, AND PROSECUTING THEM, AFTER ILLEGAL ARREST.

(iii) THE AFORESAID DEFENDANT'S IN THIS SUIT, VIOLATED PLAINTIFF'S 4TH AND 14TH AMENDMENT RIGHTS, BY SIGNING THIS POLICY INTO LAW, WHICH WAS ENFORCED BY POLICE OFFICER, WILLIAM ANDREWS, AND MELVIN VICTOR, WHEN THEY ILLEGALLY SEARCHED AND ARRESTED PLAINTIFF, IN THE ABSENCE OF PROBABLE CAUSED.

(iv) THE "STOP & FRISK" POLICY WAS MADE, IN THE ABSENCE OF ADEQUATE POLICE ~~TRAINING~~ TRAINING. SUCH ABSENCE OF TRAINING, WHILE ATTEMPTING TO PRACTICE THE CUSTOM OF SAID POLICY, CAUSED THE DEFENDANTS/POLICE OFFICERS IN THIS SUIT, TO VIOLATE PLAINTIFF'S

CONSTITUTIONAL RIGHTS.

(V) UNDER THE DIRECTIONS OF THE DEFENDANTS, MALICIOUSLY PROSECUTING PLAINTIFF WITHOUT REGARD TO GUILT OR INNOCENCE, PROXIMATELY AND DIRECTLY CAUSED PLAINTIFF INJURY, INCLUDING GREAT DISTRESS, PHYSICAL AND MENTAL PAIN, ANGUISH, FEAR, SUFFERING, LOSS OF COMPANIONSHIP AND SELF-EMPLOYED ENTRAPRENEURSHIP.

I. DAMAGES

(i) THE ACTIONS OF DEFENDANTS JOINTLY & SEVERALLY VIOLATED PLAINTIFF'S CONSTITUTIONAL AND CIVIL RIGHTS UNDER THE FOURTH & FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION AND ARTICLE OF THE PENNSYLVANIA STATE CONSTITUTION.

(ii) AS A DIRECT AND PROXIMATE CAUSE OF DEFENDANTS' ILLEGAL ACTS, PLAINTIFF WAS ILLEGALLY ARRESTED, DENIED BAIL, FALSE IMPRISONED FOR 175 DAYS, THREATEN BY A 15 YEAR PRISON TERM, AND PROSECUTED.

(iii) PLAINTIFF SUFFERED SEPERATION FROM HIS FAMILY AS WELL AS CHILDREN, GRANDCHILD, AND SPOUSE. PLAINTIFF SUFFERED MENTALLY & PSYCHOLOGICAL STRESS AS A RESULT OF BEING PUBLICLY AND

FALSELY PROSECUTED, FOR WHICH PLAINTIFF IS ENTITLED
TO COMPENSATORY, MONETARY, AND PUNITIVE DAMAGES.

VI. LEGAL ARGUMENT

(i) THE DOCTRINE OF COLLATERAL ESTOPPEL & RES JUDICATA,
BARS DEFENDANTS IN ~~THE~~ THIS 1983 CIVIL ACTION, FROM
RELITIGATION OF PLAINTIFF'S CLAIM THAT, HIS FOURTH
AMENDMENT RIGHTS TO THE U.S. CONSTITUTIONAL WERE
VIOLATED, IN WHICH A FINAL JUDGEMENT BY U.S. DISTRICT
JUDGE, BERLE SCHILLER'S OPINION. (SEE EXHIBIT A, OPINION)
SUPPORTS THIS ARGUMENT.

(ii) DUE TO THE FINAL JUDGEMENT BY THE DISTRICT COURT,
PLAINTIFF IS ENTITLE TO CIVIL DAMAGES, ON HIS
4TH AMENDMENT VIOLATION CLAIM, WHEREAS, SUMMARY
JUDGEMENT IN FAVOR OF PLAINTIFF IS REQUESTED AND
REQUIRED.

(iii) PLAINTIFF ARGUES THAT, THE VIOLATION OF HIS 14TH
AMENDMENT RIGHTS BEING VIOLATED, AND FALSE IMPRISONED
FOR 175 DAYS, REQUIRES SUMMARY JUDGEMENT.

(iv) PLAINTIFF ARGUES THAT, HIS DUE PROCESS RIGHTS WERE
VIOLATED, IN WHICH THE DEFENDANTS MALICIOUS PROSECUTION,
ENTITLES PLAINTIFF, CIVIL DAMAGES, AND SUMMARY JUDGEMENT.

(V) PLAINTIFF ARGUES THAT, THE DEFENDANTS AS A MUNICIPALITY IN THIS CIVIL ACTION, IS NOT PROTECTED FROM THE DOCTRINE OF QUALIFIED IMMUNITY, BECAUSE THEIR CONDUCT VIOLATED CLEARLY ESTABLISHED STATUTORY OR CONSTITUTIONAL RIGHTS OF WHICH A REASONABLE PERSON WOULD HAVE KNOWN.

(VI) THE MAYOR, POLICE COMMISSIONER, AND THE CITY OF PHILA., WAS RESPONSIBLE FOR THE CONSTITUTIONAL VIOLATIONS OF PLAINTIFF, BY VIRTUE OF IT'S DEFICIENT "STOP & FRISK" POLICY AND PROCEDURES, CONTRARY TO THE CONSTITUTIONAL LAWS.

(VII) THE "STOP & FRISK" POLICY CARRIED OUT UNDER THE COLOR OF LAW, WAS AND IS A OFFICIAL POLICY WHICH CAUSED AN EMPLOYEE (P/O ANDREWS & MELVIN VICTOR) TO VIOLATE PLAINTIFF'S CONSTITUTIONAL RIGHTS

(VIII) THE "STOP & FRISK" POLICY SHOULDN'T EXIST, BECAUSE THE POLICY MAKER HAS FAILED TO ACT AFFIRMATIVELY, AND TAKE ACTION TO CONTROL THE DEFENDANTS HERE IN THIS SUIT. ITS INADEQUATE AND EXISTING PRACTICE, RESULTED IN THE VIOLATION OF PLAINTIFFS CONSTITUTIONAL RIGHTS, WHICH CAN BE SAID TO BE, DELIBERATELY INDIFFERENT TO THE NEED. IT FAILED ~~HAS~~ AS A POLICY ~~[illegible]~~, AND WAS HIGHLY PREDICTABLE CONSEQUENCES OF A FAILURE TO EQUIP POLICE WITH A SPECIFIC TOOL TO

HANDLE RECURRING SITUATION. SUCH A FAILURE of TRANING CONTENDS THAT THE LACK WAS A MOTIVATING FORCE BEHIND THE VIOLATIONS OF PLAINTIFF.

VII RELIEF REQUEST (SUMMARY JUDGEMENT FOR PLAINTIFF)

(i) AN AWARD of COMPENSATORY DAMAGES TO PLAINTIFF, IN AN AMOUNT TO BE DETERMINED BY THE COURT

(ii) AN AWARD of PUNITIVE DAMAGES TO PLAINTIFF, AGAINST DEFENDANT'S JOINTLY & SEVERALLY, IN AN AMOUNT TO BE DETERMINED BY THE COURT.

(iii) AN AWARD of MONETARY DAMAGES, FOR REASONABLE COST & of ATTORNEY FEES, PURSUANT TO 42 U.S.C. § 1988, TO BE DETERMINED BY THE COURT.

(iV) AN INJUNCTION RESTRAINING DEFENDANT'S, EMPLOYEES, LIASON, FROM RETALIATING AGAINST PLAINTIFF, BY RE-INDICTING OR SUPERCEDING INDICTMENT.

VERIFICATION

I, WHEELER ZAMICHIELI, HEREBY VERIFY AND CERTIFY THAT, THE STATEMENTS MADE HEREIN, ARE TRUE AND CORRECT, AND THE INFORMATION GIVEN, IS TO THE BEST of my KNOWLEDGE, INFORMATION AND BELIEF. ANY FALSE STATEMENTS MADE, SUBJECTS ME TO THE PENALTIES of PERJURY.

DATE: JUNE 4, 2012

Wheeler Zamichieli

# CERTIFICATE OF SERVICE

I WHEELER ZAMICHIELI, HEREBY CERTIFY THAT, A TRUE AND CORRECT COPY OF THE FOREGOING: 42 U.S.C. § 1983 CIVIL ACTION, WITH IN FORMA PAUPERIS REQUEST, AS WELL AS INMATE ACCOUNT INFORMATION, ALONG WITH ATTACHED EXHIBIT A, DISTRICT COURTS OPINION, WAS SENT VIA UNITED STATES MAIL, PREPAID TO THE CLERK'S OFFICE, FOR THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA. I DECLARE UNDER PENALTY OF PERJURY THAT THESE ACTIONS OF PLAINTIFF TRANSPIRED ON THIS 4TH DAY OF JUNE, 2012

Wheeler Zamichieli
WHEELER ZAMICHIELI
#67271066
FDC PHILA
P.O. BOX 562
PHILA, PA. 19105

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

WHEELER ZAMICHIELI, Plaintiff

AGAINST

POLICE OFFICER, WILLIAM ANDREWS
POLICE OFFICER, MELVIN VICTOR
POLICE COMMISSIONER, CHARLES RAMSEY
MAYOR, MICHAEL NUTTER
THE CITY OF PHILADELPHIA

COMPLAINT under the Civil Rights Act, 42 U.S.C. § 1983

Jury Trial: YES

I. PARTIES IN THIS COMPLAINT ABOVE:

A. PLAINTIFF WHEELER ZAMICHIELI
ID# 67271066
FEDERAL DETENTION CENTER, PHILA
P.O. BOX 562
PHILA, PA. 19105

B. DEFENDANT NO. 1, POLICE OFFICER, WILLIAM ANDREWS #3935
WHERE EMPLOYED, PHILADELPHIA POLICE DEPARTMENT
ADDRESS, 14TH DISTRICT POLICE STATION, PHILA, PA.

DEFENDANT NO. 2, POLICE OFFICER, MELVIN VICTOR #5583
WHERE EMPLOYED, PHILADELPHIA POLICE DEPARTMENT
ADDRESS, 14TH DISTRICT POLICE STATION, PHILA, PA.

DEFENDANT NO. 3, POLICE COMMISSIONER CHARLES RAMSEY
WHERE EMPLOYED, PHILADELPHIA POLICE DEPARTMENT
ADDRESS, POLICE HEADQUARTERS, 8TH & RACE ST. PHILA, PA.

DEFENDANT NO. 4, MAYOR, MICHAEL NUTTER
WHERE EMPLOYED, MAYOR'S OFFICE
ADDRESS, CITY HALL, PHILA, PA.

DEFENDANT NO. 5, THE CITY OF PHILADELPHIA
WHERE EMPLOYED, CITY OF PHILADELPHIA
ADDRESS, PHILA, PA.

II. STATEMENT OF CLAIM:

4. THIS CIVIL ACTION SEEKS MONETARY DAMAGES FOR THE EXTRAORDINARY INJURIES AND LOSSES SUFFERED BY PLAINTIFF, WHEELER ZAMICHIELI, BY TWO PHILADELPHIA POLICE OFFICERS, EMPLOYED BY THE CITY OF PHILADELPHIA. POLICE OFFICERS, MELVIN VICTOR AND WILLIAM ANDREWS

CONDUCTED A WARRANTLESS SEARCH OF PLAINTIFF, ON 2/20/11 AROUND 2:27 A.M. ARRESTING HIM FOR ILLEGAL FIREARMS POSSESSION, IN ABSENCE OF PROBABLE CAUSE, VIOLATING PLAINTIFF'S CONSTITUTIONAL RIGHTS, WHILE ACTING UNDER THE COLOR OF STATE LAW. THESE TWO OFFICERS UNLAWFUL & UNCONSTITUTIONAL ACTS, WERE UNDER THE DIRECTION OF POLICE COMMISSIONER, CHARLES RAMSEY, AND MAYOR, MICHAEL NUTTER'S "STOP & FRISK" POLICY, WHICH IS A NEW CUSTOM / PRACTICE SIGN INTO LAW, FOR THE PHILADELPHIA POLICE DEPARTMENT.

B. PLAINTIFF'S CASE WAS ADOPTED FROM THE STATE COURT, BY THE UNITED STATES ATTORNEY'S OFFICE, ZANE MEMEGER, ON 7/12/11, UNDER INDICTMENT NO. 11-373. ATF AGENT, PAT HENNING INVESTIGATED THE ADOPTION, ARRESTED PLAINTIFF ON 7/13/11, WHILE ASSISTANT U.S. ATTORNEY, VIRGINIA PAIGE PRATTER PROSECUTED THE CASE, UNDER THE COLOR OF STATE LAW. PLAINTIFF WAS BROUGHT BEFORE THE U.S. DISTRICT COURT, DENIED THE RIGHT TO BAIL, IMPRISONED AND DETAINED FOR 175 DAYS.

C. PLAINTIFF WAS FORCE TO TRIAL 11/21/11, AND EXONERATED OF THE INDICTMENT, BY WAY OF SUPPRESSION HEARING DISTRICT JUDGE, BERLE SCHILLER ON 12/1/11. PLAINTIFF'S UNLAWFUL ARREST & MALICIOUS PROSECUTION, DEPRIVED HIM OF HIS CONSTITUTIONAL RIGHTS, TO BE FREE FROM WARRANTLESS SEARCHES & SEIZURES, FALSE IMPRISONMENTS, DUE PROCESS. THESE ARE VIOLATIONS OF THE U.S. CONSTITUTION, AND STATUTORY AUTHORITIES, OF LAW, [illegible] OF [illegible] " [illegible] PLACE [illegible]

III. JURISDICTION AND VENUE

A. THIS ACTION ARISES UNDER THE LAWS OF THE UNITED STATES, AND JURISDICTION IS CONFERRED ON THIS COURT PURSUANT TO 42 U.S.C. § 1983, 28 U.S.C. § 1331 (QUESTION [illegible]) AND 28 U.S.C. § 1343 (CIVIL RIGHTS). SUPPLEMENTAL JURISDICTION OF THE COURT OVER CLAIMS ARISING UNDER STATE LAW IS INVOKED PURSUANT TO 28 U.S.C. § 1367.

B. VENUE IN THE EASTERN DISTRICT OF PENNSYLVANIA IS APPROPRIATE PURSUANT TO 28 U.S.C. § 1391(b), SINCE IT IS IN THIS DISTRICT WHICH MANY DEFENDANTS RESIDE, AND BECAUSE A [illegible] PART OF THE EVENTS OR [illegible] GIVING RISE TO THE CLAIMS, OCCURRED WITHIN [illegible] THE EASTERN DISTRICT OF PENNSYLVANIA.

IV. CONSTITUTIONAL RIGHTS VIOLATION

A. COUNT I, UNDER THE FOURTH AMENDMENT, RATIFIED WITH THE BILL OF RIGHTS IN 1791, PROHIBITING UNREASONABLE SEARCHES AND SEIZURES, AND THE ISSUANCE OF WARRANTS WITHOUT PROBABLE CAUSE.

[illegible] PLAINTIFF [illegible] II [illegible] ILLEGALLY [illegible] II [illegible]

IN THE ABSENCE OF A WARRANT, AND PROBABLE CAUSE TO ARREST.

(ii) UNDER THE FOURTH AMENDMENT, PROBABLE CAUSE MUST BE ESTABLISHED, BEFORE AN ARREST/SEARCH WARRANT MAY BE ISSUED. IT CANNOT BE ESTABLISHED SIMPLY BY SHOWING THAT, THE OFFICER WHO MADE THE CHALLENGED ARREST OR SEARCH SUBJECTIVELY BELIEVED HE HAD GROUNDS FOR HIS ACTION.

(iii) OFFICER [illegible] ATTEMPTED TO JUSTIFY THE ILLEGAL SEARCH, UNDER THE "PLAIN SIGHT DOCTRINE" WHICH IS AN EXCEPTION TO THE WARRANT REQUIREMENT. HIS JUSTIFICATION WAS A LIE'S, PLAIN AND [illegible] U.S. DISTRICT JUDGE, [illegible] [illegible] [illegible] FAVOR OF PLAINTIFF, FOURTH AMENDMENT RIGHTS BEING VIOLATED BY POLICE. (SEE EXHIBIT A, JUDGES OPINION)

(iv) DUE TO THE DISTRICT COURTS RULING IN FAVOR OF PLAINTIFF IN THE CRIMINAL MATTER, THE VIOLATION OF THE 4TH AMENDMENT CLAIM, [illegible] DEFENDANT, FROM RELITIGATION IN CIVIL PROCEEDINGS, PURSUANT TO THE DOCTRINE OF "COLLATERAL ESTOPPEL" [illegible] EXHIBIT "A". PLAINTIFF [illegible] SUMMARY JUDGMENT.

(v). DEFENDANTS [illegible] ARE LIABLE JOINTLY, SEVERALLY FOR ALL DAMAGES, WHICH ENTITLE PLAINTIFF, TO MONETARY DAMAGES.

B. COUNT II, [illegible] FOURTEENTH AMENDMENT [illegible] EFFECTIVELY APPLY [illegible] THE BILL OF RIGHTS [illegible] THE STATES BY PROHIBITING STATE [illegible] DUE PROCESS [illegible] EQUAL PROTECTION AND [illegible] PRIVILEGES AND IMMUNITIES OF U.S. CITIZENSHIP.

(i) PLAINTIFF [illegible] VIOLATION OF [illegible] ACTIONS, [illegible] CONSTITUTIONAL RIGHTS [illegible] VIOLATED, CAUSED [illegible] OF THE [illegible] PLAINTIFF [illegible]

(ii) PLAINTIFF [illegible]

(iii) [illegible] PLAINTIFF [illegible] IMPORTANT [illegible]

(iv) [illegible]

C. COUNT III MALICIOUS PROSECUTION

(i) MAYOR MICHAEL NUTTER, POLICE COMMISSIONER, CHARLES RAMSEY, [illegible] CITY OF PHILADELPHIA, [illegible] RECKLESS [illegible] INTENTIONALLY [illegible] DELIBERATE INDIFFERENCE TO [illegible] PLAINTIFF, WHEELER [illegible] CONSTITUTIONAL RIGHTS, [illegible] "STOP AND FRISK" POLICY.

(ii) THE "STOP AND FRISK" POLICY, [illegible] AND CONGRESS, ~~[illegible]~~ ENACTED [illegible] "STOP AND FRISK" CITIZENS OF PHILADELPHIA [illegible] CONSTITUTIONAL RIGHTS [illegible] PHILADELPHIA, [illegible] OF U.S. CITIZENS, AND PROSECUTING THEM AFTER ILLEGAL ARREST.

(iii) THE AFORESAID DEFENDANTS IN THIS SUIT VIOLATED PLAINTIFF 4TH AND 14TH AMENDMENT RIGHTS BY [illegible] WHICH WAS ENFORCED [illegible] BY POLICE OFFICERS, [illegible] AND [illegible] THEM ILLEGALLY [illegible] AND [illegible] PLAINTIFF IN THE ABSENCE OF PROBABLE CAUSE.

(iv) THE "STOP AND FRISK" POLICY WAS MADE IN THE ABSENCE OF ADEQUATE POLICE ~~[illegible]~~ TRAINING. SUCH ABSENCE OF TRAINING, WHILE ATTEMPTING TO PRACTICE THE [illegible] THE DEFENDANT [illegible] PLAINTIFF POLICE OFFICERS [illegible]

[illegible]

(4) [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] [illegible] SELF EMPLOYED [illegible]

II. PARTIES

(i) [illegible] JOINTLY & SEVERALLY [illegible] [illegible] AND CIVIL [illegible] UNDER THE [illegible] AMENDMENTS [illegible] AND [illegible] UNITED STATES CONSTITUTION AND [illegible] OF THE PENNSYLVANIA STATE CONSTITUTION.

(ii) [illegible] AND [illegible] ILLEGALLY [illegible] [illegible] AND PROSECUTED. [illegible]

(iii) PLAINTIFF [illegible] [illegible] [illegible] [illegible]

(8)

[illegible] PLAINTIFF IS ENTITLED [illegible] COMPENSATORY [illegible] AND PUNITIVE DAMAGES.

## II LEGAL ARGUMENT

(i) THE [illegible] RES JUDICATA, [illegible] THIS [illegible]

(ii) [illegible]

(iii) [illegible]

(iv) [illegible]

(i) [illegible], the defendants [illegible] policy [illegible] immunity, because their conduct violated clearly established statutory / constitutional rights of which a reasonable person [illegible] known.

(ii) The Mayor, Police Commissioner and the City of Phila., are responsible for the constitutional violations of plaintiff, [illegible] "stop & frisk" policy and procedures, contrary to the constitution and laws.

(iii) The stop & frisk policy carried out under the color of law, [illegible] official policy [illegible] employee (the police [illegible]) to violate plaintiff's constitutional rights.

(iiii) The stop & frisk policy [illegible], because the policy [illegible] failed [illegible] and [illegible] to control [illegible] inadequate and [illegible] actions [illegible] of plaintiff's constitutional rights, [illegible] deliberately indifferent [illegible] failed [illegible]

(6)

[illegible]

VII [illegible]

(i) [illegible]

(ii) [illegible]

(iii) [illegible]

(iv) [illegible]

VERIFICATION

[illegible]

DATE: June [illegible], 2012

[illegible]

CERTIFICATE OF SERVICE

I WHEELER ZAMICHIELI, HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING: 42 U.S.C. § 1983 CIVIL ACTION, WITH IN FORMA PAUPERIS REQUEST, AS WELL AS INMATE ACCOUNT INFORMATION, ALONG WITH [illegible] EXHIBIT A, DISTRICT COURT OPINION, [illegible] VIA UNITED STATES MAIL, ADDRESSED TO THE CLERK'S OFFICE, FOR THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA. I DECLARE UNDER PENALTY OF PERJURY THAT THESE ACTIONS OF PLAINTIFF HAPPENED ON THIS 4TH DAY OF JUNE, 2012.

**FILED**

OCT 23 2012

MICHAEL E. KUNZ, Clerk
By_______ Dep. Clerk

Wheeler Zamichieli (signature)
WHEELER ZAMICHIELI
#67271066
FDC PHILA
P.O. BOX 562
PHILA, PA. 19105