IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

WHEELER ZAMICHIELI,                       )
                                          )
        Plaintiff,                        )
                                          )
        v.                                )        Civil Action No. 12-cv-3200-GMS
                                          )
WILLIAM ANDREWS, et al.,                  )
                                          )
        Defendants.                       )

FILED

AUG 2 0 2013

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

**MEMORANDUM ORDER**

At Wilmington, this 20th day of *August*, 2013;

Having considered the plaintiff's request for counsel (D.I. 33) and renewed application to

proceed *in forma pauperis* (D.I. 34);

IT IS ORDERED that the request for counsel (D.I. 33) and renewed application (D.I. 34)

are **denied** without prejudice to renew, for the reasons that follow:

1. **Request for counsel**. The plaintiff, Wheeler Zamichieli, SBI #67271066, a *pro se*

litigant who is presently incarcerated, filed this action pursuant to 42 U.S.C. § 1983 and has paid

the filing fee. The plaintiff seeks counsel on the grounds that he cannot afford counsel, his

imprisonment limits his ability to litigate, the issues are complex and will require significant

research and investigation, he has limited access to the law library, he has limited knowledge of

the law, the case may turn on credibility determinations, and expert witnesses may be necessary.

(D.I. 33)

2. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right

to representation by counsel.[1] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

3. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

4. After reviewing the plaintiff's request, the court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. To date, the filings in this case demonstrate the plaintiff's ability to articulate his claims and represent himself. Thus, in these circumstances, the court will deny without prejudice to renew the plaintiff's request for counsel. (D.I. 33.) Should the need for counsel arise later, one can be appointed at that time.

---

[1]*See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

5.  **Renewed application to proceed *in forma pauperis*.**  Before the court is a renewed application to proceed *in forma pauperis* for service by the U.S. Marshals Service pursuant to 28 U.S.C. § 1915(d).  (D.I. 34)  The renewed application does not provide the court with adequate information.  Therefore, the renewed application will be denied without prejudice to renew.

6.  The court will consider a renewed application to proceed *in forma pauperis* upon the filing of a long form application to proceed without prepaying fees or costs (form AO 239), provided herewith, and a certified copy of the plaintiff's prison trust fund account statement (memorandum or institutional equivalent, with attachments) showing all deposits, expenditures and balances during the six-month period immediately preceding the filing of the renewed motion.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

3