IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WHEELER ZAMICHIELI,** | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | Civil Action |
| | : | No. 12-3200 |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| Defendants. | : | |

**DEFENDANTS ANSWER, WITH AFFIRMATIVE DEFENSES,
TO PLAINTIFF'S THIRD AMENDED COMPLAINT**

Defendant Ronald Dove (hereinafter "Answering Defendant"), by and through his undersigned counsel, hereby responds to Plaintiff's Complaint as follows:

## ANSWER

1. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

## PARTIES

2. The allegations as to Plaintiff's residence pertain to parties other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

3. Answers to subsections are as follows:

    a. Admitted, only that Defendant, Police Officer William Andrews, is an adult individual and citizen of the United States, who resides in

Philadelphia County and is employed as a police officer with the Philadelphia Police Department.

b. Admitted, only that Defendant, Police Officer Melvin Victor, is an adult individual and citizen of the United States, who resides in Philadelphia County and is employed as a police officer with the Philadelphia Police Department.

c. Admitted, only that Defendant, Detective Ronald Dove, is an adult individual and citizen of the United States, who resides in Philadelphia County and at all times material to this Complaint, was employed as a detective with the Philadelphia Police Department.

d. Admitted in part, denied in part.  It is admitted that the City of Philadelphia is a municipal corporation duly organized and operating under the rules and regulations set forth to them by the Commonwealth of Pennsylvania. The remaining allegations in this paragraph are denied.

e. The allegations contained in this paragraph are addressed to defendants other than the Answering Defendants.  Therefore, no further answer is required to the averments contained therein.  To the extent a response is required, these allegations are denied.

f. The allegations contained in this paragraph are addressed to defendants other than the Answering Defendants.  Therefore, no further answer is required to the averments contained therein.  To the extent a response is required, these allegations are denied.

      g. The allegations contained in this paragraph are addressed to defendants other than the Answering Defendants.  Therefore, no further answer is required to the averments contained therein.  To the extent a response is required, these allegations are denied.

4. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.

5. The allegations contained in this paragraph are addressed to defendants other than the Answering Defendants.  Therefore, no further answer is required to the averments contained therein.  To the extent a response is required, these allegations are denied.

## FACTS

6. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph.  All allegations are therefore denied.

7. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.  By way of further response, these allegations are denied as untrue, inaccurate and misleading.  At all material times, defendant Police Officer William Andrews and Police Officer Melvin Victor acted properly, reasonably, lawfully and in the exercise of good faith.

8. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

9. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. By way of further response, these allegations are denied as untrue, inaccurate and misleading. At all material times, defendant Police Officer William Andrews and Police Officer Melvin Victor acted properly, reasonably, lawfully and in the exercise of good faith.

10. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. By way of further response, these allegations are denied as untrue, inaccurate and misleading. At all material times, defendant Police Officer William Andrews and Police Officer Melvin Victor acted properly, reasonably, lawfully and in the exercise of good faith.

11. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. By way of further response, these allegations are denied as untrue, inaccurate and misleading. At all material times, defendant Police Officer William Andrews and Police Officer Melvin Victor acted properly, reasonably, lawfully and in the exercise of good faith.

12. At all material times, defendant Ronald Dove acted properly, reasonably, lawfully and in the exercise of good faith. By way of further response, the Philadelphia

Arrest Report referenced by Plaintiff is a document that speaks for itself. Any characterizations made by Plaintiff about the contents of that document are denied.

13. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. By way of further response, these allegations are denied as untrue, inaccurate and misleading. At all material times, defendant Ronald Dove acted properly, reasonably, lawfully and in the exercise of good faith.

14. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. By way of further response, these allegations are denied as untrue, inaccurate and misleading. At all material times, defendant Ronald Dove acted properly, reasonably, lawfully and in the exercise of good faith.

15. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. By way of further response, these allegations are denied as untrue, inaccurate and misleading. At all material times, defendant Ronald Dove acted properly, reasonably, lawfully and in the exercise of good faith.

16. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent

a response is required, denied. By way of further response, these allegations are denied as untrue, inaccurate and misleading. At all material times, defendant Ronald Dove acted properly, reasonably, lawfully and in the exercise of good faith.

17. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. By way of further response, these allegations are denied as untrue, inaccurate and misleading. At all material times, defendant Ronald Dove acted properly, reasonably, lawfully and in the exercise of good faith.

18. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, these allegations are denied.

19. The allegations contained in this paragraph are addressed to defendants other than the Answering Defendants. Therefore, no further answer is required to the averments contained therein. To the extent a response is required, these allegations are denied.

20. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. By way of further response, these allegations are denied as untrue, inaccurate and misleading. At all material times, defendant Police Officer William Andrews and Police Officer Melvin Victor acted properly, reasonably, lawfully and in the exercise of good faith.

21. The allegations contained in this paragraph are addressed to defendants other than the Answering Defendants. Therefore, no further answer is required to the averments contained therein. To the extent a response is required, these allegations are denied.

22. The allegations contained in this paragraph are addressed to defendants other than the Answering Defendants. Therefore, no further answer is required to the averments contained therein. To the extent a response is required, these allegations are denied.

23. The allegations contained in this paragraph are addressed to defendants other than the Answering Defendants. Therefore, no further answer is required to the averments contained therein. To the extent a response is required, these allegations are denied.

24. The allegations contained in this paragraph are addressed to defendants other than the Answering Defendants. Therefore, no further answer is required to the averments contained therein. To the extent a response is required, these allegations are denied.

25. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. By way of further response, these allegations are denied as untrue, inaccurate and misleading. At all material times, defendant Police Officer William Andrews and Police Officer Melvin Victor acted properly, reasonably, lawfully and in the exercise of good faith.

26. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.  By way of further response, these allegations are denied as untrue, inaccurate and misleading.  At all material times, defendant Police Officer William Andrews and Police Officer Melvin Victor acted properly, reasonably, lawfully and in the exercise of good faith.

27. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.  By way of further response, these allegations are denied as untrue, inaccurate and misleading.  At all material times, defendant Police Officer William Andrews and Police Officer Melvin Victor acted properly, reasonably, lawfully and in the exercise of good faith.

28. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.  By way of further response, these allegations are denied as untrue, inaccurate and misleading.  At all material times, defendant Police Officer William Andrews and Police Officer Melvin Victor acted properly, reasonably, lawfully and in the exercise of good faith.

29. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response.  To the extent a response is required, denied.  By way of further response, these allegations are denied as untrue, inaccurate and misleading.  At all material times, defendant

Police Officer William Andrews and Police Officer Melvin Victor acted properly, reasonably, lawfully and in the exercise of good faith.

30. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. By way of further response, these allegations are denied as untrue, inaccurate and misleading. At all material times, defendant Police Officer William Andrews and Police Officer Melvin Victor acted properly, reasonably, lawfully and in the exercise of good faith.

31. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied. By way of further response, these allegations are denied as untrue, inaccurate and misleading. At all material times, defendant Ronald Dove acted properly, reasonably, lawfully and in the exercise of good faith.

**COUNT I**
**42 U.S.C. § 1983 cause of action against**
**William Andrews and Melvin Victor, and Ronald Dove**
**4th Amendment**

32. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

**COUNT II**
**42 U.S.C. § 1983 cause of action against**
**The City of Philadelphia**
**Municipal Liability**

33. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

   a. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

   b. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

   c. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

**COUNT III**
**42 U.S.C. § 1983 cause of action against**
**William Andrews and Melvin Victor and Ronald Dove**
**4th Amendment Malicious Prosecution incorporated by Pa. Common Law**

34. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

**COUNT IV**
**Common Law Conspiracy Against**
**William Andrews and Melvin Victor and Ronald Dove**

35. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

**COUNT V**
**42 U.S.C. § 1983 and Common Law**
**False Arrest/False Imprisonment**
**Against William Andrews and Melvin Victor and Ronald Dove**

36. The allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

**COUNT VI**
**Bivens Cause of Action**
**Zane David Memeger, Virginia Paige Pratter**
**And Patrick Henning, for 4th Amendment Claim**

37. The allegations contained in this paragraph are addressed to defendants other than the Answering Defendants. Therefore, no further answer is required to the averments contained therein. To the extent a response is required, these allegations are denied.

**COUNT VII**
**Bivens Cause of Action**
**Zane David Memeger, Virginia Paige Pratter**
**And Patrick Henning, for 5th Amendment Claim**

37. The allegations contained in this paragraph are addressed to defendants other than the Answering Defendants. Therefore, no further answer is required to the averments contained therein. To the extent a response is required, these allegations are denied.

   **WHEREFORE**, the Answering Defendant denies that he is liable on the cause of actions declared herein, and demands judgment in his favor plus interest and costs.

## PRAYER FOR RELIEF

38. **WHEREFORE**, the Answering Defendant denies that he is liable on the cause of actions declared herein, and demands judgment in his favor plus interest and costs.

39. **WHEREFORE**, the Answering Defendant denies that he is liable on the cause of actions declared herein, and demands judgment in his favor plus interest and costs.

40. **WHEREFORE**, the Answering Defendant denies that he is liable on the cause of actions declared herein, and demands judgment in his favor plus interest and costs.

41. **WHEREFORE**, the Answering Defendant denies that he is liable on the cause of actions declared herein, and demands judgment in his favor plus interest and costs.

42. **WHEREFORE**, the Answering Defendant denies that he is liable on the cause of actions declared herein, and demands judgment in his favor plus interest and costs.

43. **WHEREFORE**, the Answering Defendant denies that he is liable on the cause of actions declared herein, and demands judgment in his favor plus interest and costs.

44. **WHEREFORE**, the Answering Defendant denies that he is liable on the cause of actions declared herein, and demands judgment in his favor plus interest and costs.

                                                  Respectfully Submitted,

Date:  June 18, 2014                    /s/ Dimitrios Mavroudis
                                                  Dimitrios Mavroudis
                                                  Pa. Attorney ID No. 93773
                                                  City of Philadelphia Law Department
                                                  1515 Arch Street, 14th Floor
                                                  Philadelphia, PA 19102
                                                  (215) 683-5444
                                                  dimitrios.mavroudis@phila.gov

## **JURY DEMAND**

Answering Defendant demands a jury trial in this action.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Answering Defendants assert all of the defenses, immunities, and limitations of damages available to them under the "Political Subdivision Tort Claims Act" and aver that Plaintiff's remedies are limited exclusively thereto.  Act of Oct 5, 1980, No. 142, P.L. 693, 42 Pa. C.S.A. § 8541 et seq.

### THIRD AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the doctrine of qualified immunity because, at all times material hereto, the individual defendants were carrying out their duties in a proper and lawful manner, and in the exercise of good faith.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff has suffered no legally cognizable injury, harm, loss, or damage upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred, in whole or in part, to the extent that he has failed to take reasonable measures to mitigate any or all damages.

### SIXTH AFFIRMATIVE DEFENSE

The plaintiff's claims are barred, in whole or in part, insofar as Answering Defendants' purported actions or omissions were not the proximate cause of any alleged injury, loss, or damage incurred by the plaintiff.

## **SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the applicable Statute of Limitations.

**WHEREFORE**, the Answering Defendant denies that he is liable on the cause of actions declared herein, and demands judgment in his favor plus interest and costs.

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Date:  June 18, 2014 | /s/ Dimitrios Mavroudis |
|  | Dimitrios Mavroudis |
|  | Pa. Attorney ID No. 93773 |
|  | City of Philadelphia Law Department |
|  | 1515 Arch Street, 14th Floor |
|  | Philadelphia, PA 19102 |
|  | (215) 683-5444 |
|  | dimitrios.mavroudis@phila.gov |

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below, the foregoing Defendant's Answer, with Affirmative Defenses, to Plaintiff's Third Amended Complaint has been filed on ECF and is available for viewing and downloading. I additionally certify that I caused a copy to be served upon the plaintiff by certified mail, postage prepaid, as follows:

**TO:**   Wheeler Zamichieli
ID# 67271-066
Federal Detention Center, Phila
P.O. Box 562
Philadelphia, PA 19105
*Plaintiff pro se*

Date: June 18, 2014                             /s/ Dimitrios Mavroudis
                                                Dimitrios Mavroudis
                                                Pa. Attorney ID No. 93773
                                                City of Philadelphia Law Department
                                                1515 Arch Street, 14th Floor
                                                Philadelphia, PA 19102
                                                (215) 683-5444
                                                dimitrios.mavroudis@phila.gov