IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WHEELER ZAMICHIELI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 12-cv-3200-GMS |
| ) | |
| WILLIAM ANDREWS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM**

1. **Introduction.** The plaintiff, Wheeler Zamichieli ("the plaintiff"), a *pro se* litigant who is presently incarcerated at the Federal Detention Center in Philadelphia, Pennsylvania, filed this civil rights action in 2012. Currently pending are numerous motions filed by the plaintiff. (D.I. 63, 64, 65, 68, 73, 75.)

2. **Motion for service (D.I. 63); Motion for enlargement of time to serve (D.I. 73).** The court will deny as moot the motion to direct the U.S. Marshals Service to locate and serve the defendant Ronald Dove ("Dove") (D.I. 63) and motion for enlargement of time to serve Dove (D.I. 73). The court docket reflects that service was effected upon Dove on May 14, 2014. (*See* D.I. 83.)

3. **Motion to use CM/EFT (D.I. 64).** The court will deny the motion for the plaintiff to direct the warden at FDC-Philadelphia to make available to him a link to access the CM/ECF filing system. The plaintiff indicates that the domain has been blocked by prison officials. Prison officials require broad discretionary authority as the "operation of a correctional institution is at best an extraordinarily difficult undertaking." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). Hence, prison administrators are accorded wide-ranging deference in the adoption

and execution of policies and practices that are needed to preserve internal order and to maintain institutional security. *Bell v. Wolfish*, 441 U.S. 520, 527 (1979). The federal courts are not overseers of the day-to-day management of prisons, and the court will not interfere in FDC-Philadelphia's policy of blocking access to certain web-sites.

4. **Application for prejudgment remedies against Dove (D.I. 65); Motion to forward D.I. 65 to Dove (D.I. 68).** The court will deny the application for prejudgment remedies (D.I. 65) and will deny as moot the motion to forward the application (D.I. 68). The plaintiff invokes 28 U.S.C. §§ 3103 through 3105 and Fed. R. Civ. P. 64. Rule 64 provides, as follows: "At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies." Fed. R. Civ. P. 64(a).

5. The plaintiff seeks prejudgment attachment of Dove's assets. Although prejudgment attachment of property is provided for by Pennsylvania law pursuant to 42 Pa. Cons. Stat. § 7501, the Pennsylvania Rules of Civil Procedure which permitted prejudgment attachment were rescinded by 1989 amendments following court rulings in *Jonnett v. Dollar Sav. Bank*, 530 F.2d 1123 (3d Cir. 1976) and *Schreiber v. Republic Intermodel Corp.*, 375 A.2d 1285 (Pa. 1977) that Pennsylvania's procedures governing foreign attachment (Pa. R. Civ. P. 1285 to 1292 (repealed)) were constitutionally deficient. *See Borough of Ambler v. Regenbogen*, 713 A.2d 145 n.3 (Pa. Cmwlth. 1998) (citing 17 Standard Pa. Practice 2d § 94:1 (1997)); *see also Connecticut v. Doehr*, 501 U.S. 1 n.6 (1991) (noting Pennsylvania's prejudgment attachment statutes have been rescinded).

6. **Motion to file supplemental pleading (D.I. 75)**. The court will deny the plaintiff's motion to file supplemental pleading. (D.I. 75.) In essence, the plaintiff moves to amend. The court will not consider motions to amend without a proposed pleading, as amended, that indicates in what respect it differs from the pleading which is amends, by bracketing or striking through materials to be deleted and underlining materials to be added.

_____
CHIEF, UNITED STATES DISTRICT JUDGE

June 16, 2014
Wilmington, Delaware