IN THE UNITED STATES DISTRICT COURT

FOR THE EATERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WHEELER ZAMICHIELI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-cv-3200-GMS |
| | ) | |
| WILLIAM ANDREWS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

At Wilmington, this 4th day of Nov. 2015, having considered the plaintiff's request for counsel (D.I. 110.)

### I. INTRODUCTION

The plaintiff, Wheeler Zamichieli ("the plaintiff"), a *pro se* litigant who is presently incarcerated at the Federal Detention Center in Philadelphia, Pennsylvania, filed this civil rights action in 2012. He appears *pro se*, paid the filing fee and, later, was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 46.)

### II. REQUEST FOR COUNSEL

The plaintiff seeks counsel on the grounds that: (1) he has made several attempts to retain counsel, all unsuccessful; (2) he has a genuine claim; (3) municipal defendants have failed to respond to his discovery requests; (4) the defendant Ronald Dove ("Dove") was recently charged with hindering apprehension or prosecution, obstructing administration of law, criminal conspiracy and related offenses; and (5) his incarceration hinders his ability to effective litigate this civil action.

A *pro se* litigant proceeding *in forma pauperis* has no constitutional or statutory right to Representation by counsel.[1] *See Brightwell v. Lehman*, 637 F.3d 187, 192 (3d Cir. 2011); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). However, representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law. *Tabron*, 6 F.3d at 155.

After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel. Factors to be considered by a court in deciding whether to request a lawyer to represent an indigent plaintiff include: (1) the merits of the plaintiff's claim; (2) the plaintiff's ability to present his or her case considering his or her education, literacy, experience, and the restraints placed upon him or her by incarceration; (3) the complexity of the legal issues; (4) the degree to which factual investigation is required and the plaintiff's ability to pursue such investigation; (5) the plaintiff's capacity to retain counsel on his or her own behalf; and (6) the degree to which the case turns on credibility determinations or expert testimony. *See Montgomery v. Pinchak*, 294 F.3d 492, 498-99 (3d Cir. 2002); *Tabron*, 6 F.3d at 155-56. The list is not exhaustive, nor is any one factor determinative. *Tabron*, 6 F.3d at 157.

Assuming, solely for the purpose of deciding this motion, that the plaintiff's claims have merit in fact and law, several of the *Tabron* factors militate against granting his request for counsel. After reviewing the plaintiff's complaint, the court concludes that the case is not so factually or legally complex that requesting an attorney is warranted. In addition, to date, the

---

[1] *See Mallard v. United States Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989) (§ 1915(d) (now § 1915(e)(1)) does not authorize a federal court to require an unwilling attorney to represent an indigent civil litigant, the operative word in the statute being "request.").

plaintiff has ably represented himself in this court. Also, the municipal defendants were recently ordered to respond to outstanding discovery requests. In light of the foregoing, the court will deny without prejudice to renew the plaintiff's request for counsel. Should the need for counsel arise later, one can be appointed at that time.

### III. CONCLUSION

IT IS THEREFORE ORDERED, as follows:

The plaintiff's request for counsel is **denied** without prejudice to renew (D.I. 110.)

_____
UNITED STATES DISTRICT JUDGE