IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | | |
|---|---|---|---|
| WHEELER ZAMICHIELI | : | CIVIL ACTION | FILED DEC -2 2015 |
| Plaintiff, | : | | MICHAEL E. KUNZ, Clerk By_____ Dep. Clerk |
| vs. | : | CASE NO. 12-3200 | |
| | : | GREGORY M. SLEET, J. | |
| WILLIAM ANDREWS, ET AL., | : | DELAWARE DESIGNATION | |
| Defendants, | : | FOR SERVICE | |

PLAINTIFF'S AFFIDAVIT FOR LOSS AND INJURY
IN SUPPORT OF SUMMARY JUDGEMNET

Now comes, Plaintiff Wheeler Zamichieli, on this 26th day November, 2015, with an affidavit of the losses and injuries he suffered in support of his Motion for Summary Judgement, In support thereof, Plaintiff avers the following:

AFFIDAVIT

I Wheeler Zamichieli, hereby verify, certify and swear, under Title 28 U.S.C. § 1746 that, the statements made in regards to my losses and injuries suffered cause by Defendant(s) are true and correct to the best of my knowledge, information, and belief. Any false statements made herein, are subject to the penalties of perjury.

1

As a direct and proximate cause of defendant(s) negligent actions demonstrates his losses and injury suffered below:

1. Following Plaintiff's 2/20/11 arrest by defendant(s), he posted a $1000 bail on 2/21/11, which hasn't been returned by the Commonwealth after repeated attempts, now consisting of a loss.

2. During the time of Plaintiff's unlawful arrest, following the Government's adoption of the 2/20/11 arrest, he had a mobile phone contract with AT&T Telecommunications. Plaintiff had 3 lines of service, with an early termination fee of $150 per line. Due to Plaintiff's detention at the Federal Detention Center of Philadelphia on 7/13/11 thru 12/19/11, AT&T terminated Plaintiff's service for lack of payment, incurring a bill of almost $1100, and a damaged credit report.

3. Prior to Plaintiff's arrest, he and (then fiance) Santina Simmons went to John Sauders Chevrolet in July/August of 2010 to lease a vehicle. Plaintiff made an initial $8000 cash down payment for a 2006 Chevy Impala which was placed in Simmons name, as the registered owner. See Exhibit A atached. (Criminal No. 12-182 transcripts of testimony from Simmons verifying Plaintiff initiatially payed for the Impala). See also Exhibit B. (Simmons verifying she has her own car, establishing Plaintiff's ownership though registered in her name). Additionally, after the purchase of the Impala, Plaintiff gave 10 monthly payments of $200 for the car note to Simmons, and 10 monthly payments of $200 for automobile insurance (both in cash). Simmons deposited

said monies into her Bank account, and then afterwards, forwarded payments to State Farm Ins. Co., and the Bank for the car loan. Due to Plaintiff's arrest/detention on 7/13/11 thru 12/19/11, he was unable to make payments, ultimately losing the Chevy Impala. Moreover, the Impala was part of the investigation/arrest of Plaintiff, which the Government turned Simmons against him, causing her to testify against him before the Grand Jury on July 19, 2011 and December 15, 2015, in Criminal Nos., 11-393 and 12-182. See Exhibits C & D)(photographs of the Impala, Govt's Bates number). Plaintiff suffered a loss of $11,000, by losing ["his car"].

4. Plaintiff has expended a total of $17,500, which was paid to defense attorney Michael K. Parlow, as a result of his unlawful arrest and detention, and defending all criminal proceedings.

5. While incarcerated between July 13, 2011 thru December 19, 2011, Plaintiff suffered emotional stress, and mental anguish. In August 2011, Plaintiff was traumatized by the "EarthQuake" and ordered by Prison Officials with Stun Guns to lock in the cell, who then left the unit un-attended, without an explanation of what was going on. While locked in, Plaintiff learn via KYW News Radio 1060, that there was an earthquake.

6. During the time of Plaintiff's arrest, he was a self emloyed auto-mechanic, and has suffered loss wages and work, including after his release from federal custody on 12/19/11, which consist of a loss.

7. During Plaintiff's incarceration, he expended monies on food, hygiene, telephone, clothing, and emails to get by, consisting

3

of a financial loss.

8. Plaintiff has suffered a $350 loss, which was the filing fee to initiate this civil action, including an un-determine amount in giving service to defendant(s) via First Class U.S. Mail postage prepaid. Plaintiff has also suffered loss in litigating this civil action, by buying from the commissary, envelopes, postage stamps, typing paper, coorection tape, print wheels, and typing ribbons. PLaintiff has also expended a significant amount of time doing legal research, preparing motions, interrogatories, discovery, and responses to defendant pleading, and filing summary judgement, and this affidavit of loss.

9. Plaintiff suffered loss of parental consortium, of his 18, and 6 year old daughters, as well as, 1 year old grandson; Including family consortium, more importantly, elderly Mother (her caretaker), and 9 brothers and sisters, nieces and nephews. Spouse Consortium of Santina Simmons.

Executed on this 26th day of November, 2015. Plaintiff reserves the right to amend his losses and injury suffered.

DATE: NOVEMBER 26, 2015          RESPECTFULLY SUBMITTED,
                                                             WHEELER ZAMICHIELI

CERTIFICATE OF SERVICE

This is to certify that, a true and correct copy of: Plaintiff's Affidavit For Loss And Injury In Support Of Summary Judgement, has been served upon the person below, via U.S. Eastern District Court "Electronic Case Filing System" and by U.S. Mail addressed as follow below:

ASSISTANT CITY SOLICITOR

BROCK ATKINS, ESQ.

CIVIL LAW DEPARTMENT

1515 ARCH STREET

14TH FLOOR

PHILA, PA. 19102

DATE: NOVEMBER 26, 2015

RESPECTFULLY SUBMITTED,

WHEELER ZAMICHIELI
INST#67271-066
FEDERAL DETENTION CENTER
P.O. BOX 562
PHILA, PA. 19106

```
 1                THE COURT:  Okay?
 2                MS. PRATTER:  May I have just one moment
 3   just --
 4                THE COURT:  Sure.
 5                MS. PRATTER:  Thank you.
 6                THE COURT:  While she's doing that, so
 7   this is a red Impala, ma'am?
 8                THE WITNESS:  Yes.
 9                THE COURT:  And that's your car?
10                THE WITNESS:  Yes.
11                THE COURT:  You bought it?
12                THE WITNESS:  He initially -- initially,
13   Mr. Zamichieli bought it, but it was in my name.
14                THE COURT:  When was it purchased?  Just
15   ballpark.  I know times and dates are hard.  How long
16   had you had it?
17                THE WITNESS:  Less than a year before
18   all this occurred.
19                THE COURT:  Who was -- so you are the
20   registered owner --
21                THE WITNESS:  Yes.
22                THE COURT:  -- is that correct?
23                And his name was not on the title,
24   correct?
25                THE WITNESS:  No.
```

```
 1                THE COURT:  And in terms of insurance,
 2    who was the -- the insured owner of the car?  Was
 3    that you?
 4                THE WITNESS:  Yes.
 5                THE COURT:  And then the AAA -- you had
 6    the car under your AAA policy, right?
 7                THE WITNESS:  Yes.
 8                THE COURT:  Okay.  And when he went to
 9    court down at the Criminal Justice Center the day
10    that he got arrested, you had not gone with him down
11    to the Criminal Justice Center; is that correct?
12                THE WITNESS:  That's correct.
13                THE COURT:  And so when he parked the
14    car earlier that day at Erie and Carlisle, you were
15    not with him; is that correct?
16                THE WITNESS:  No.
17                THE COURT:  And you have your own car,
18    right?
19                THE WITNESS:  Yes.
20                THE COURT:  So it's fair to say it had
21    been awhile since you had been in that red Impala?
22    Is that a fair statement?
23                THE WITNESS:  No.
24                THE COURT:  When --
25                THE WITNESS:  We were in there together.
```

EXHIBIT C

GOVERNMENT
EXHIBIT
2B



EXHIBIT D



WHEELER ZANICHELI
# 67271-066
FEDERAL DETENTION CENTER
P.O. Box 562
PHILA, PA. 19106

"LEGAL MAIL"

UNITED STATES DISTRICT COURT
MICHAEL KUNZ, CLERK OF COURT
Z1400 U.S. COURTHOUSE
601 MARKET ST.
PHILA, PA. 19106