IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WHEELER ZAMICHIELI | : | CIVIL ACTION |
| Plaintiff, | : | |
| VS. | : | CASE NO. 12-3200 |
| | : | GREGORY M. SLEET, J. |
| WILLIAM ANDREWS, ET AL., | : | DELAWARE DESIGNATION |
| Defendants, | : | |
| | : | |

PLAINTIFF'S REPLY TO DEFENDANTS CITY OF
PHILADELPHIA, OFFICER MELVIN VICTOR, OFFICER
WILLIAM ANDREWS AND DETECTIVE RONALD DOVE'S
RESPONSE IN OPPOSITION TO PLAINTIFF"S MOTION
FOR SUMMARY JUDGEMENT

**FILED**
JAN 1 1 2016
MICHAEL E. KUNZ, Clerk
By_____Dep Clerk

Presently before the Court is Plaintiff's Motion For Summary Judgement, in which he hereby files a Reply In Opposition To Defendants City Of Philadelphia, Officer Melvin Victor, Officer Williams Andrews And Detective Ronald Dove's Response In Opposition To Plaintiff's Motion For Summary Judgement. In support thereof, Plaintiff avers the following:

I. LEGAL ARGUMENT

The defendants argues first that, the exclusionary rule does not apply to civil matters, and two, the doctrine of claim preclusion is inapplicable as the municipal defendants were not parties to the criminal proceedings and not in privity with the

(1)

federal prosecutors.

Plaintiff argues, a U.S. District Court (Berle M. Schiller, J.) of competent jurisdiction has already found that the search of Plaintiff's vehicle was without probable cause, and in violation of his 4th Amendment rights of the U.S. Consitution.

The Supreme Court held, "the Doctrine of Collateral Estoppel generally precludes a party from relitigating issues or claims that have already been adjudicated." Montana v. United States, 404 U.S. 147, 153, 99 S. Ct. 970, 59 L.Ed.2d 210 (1979).

It is well established that principles of Collateral Estoppel are fully applicable to civil rights actions brought under § 1983. See Presier v. Rodriguez, 411 U.S. 475, 497, 93 S. Ct. 1827, 36 L.Ed.2d (1973).

The defendants argue in opposition to Plaintiff's summary judgement that, plaintiff's assertion of offensive collateral estoppel if fundamentally unfair, but Plaintiff argues, defendant has failed to meet their burden of showing unfairness, for estoppel not be applied. See Parklane Hosiery Co. v. Shore, 439 U.S. 322, 331, 327n.7, 99 S. Ct. 645, 652, 58 L.Ed.2d 552 (1979).

What is unfair is, defendants Andrews, Victor and Dove fabricated a story that Plaintiff naively left a gun on the front passenger seat and turned the interior lights on, as Victor and Andrews approached vehicle, without making any suspicious or furtive movements. Additionally, illegally searching, arresting, and causing Plaintiff to be detained for 5½ months without Due Process.

The truth of the matter is, defendants were on a heighten alert searching for a murder suspect in a shooting at 2nd & Linton Sts., when they targeted Plaintiff as their suspect, detaining him at Homicide

(2)

without probable cause for 10 hours. Once defendants realized Plaintiff was not there murder suspect, Dove prepared the dubious arrest report, to justify the illegal search of Plaintiff's vehicle. See Exhibit A Report by Dove, Id. DC#11-35-012559.

In Plaintiff's Complaint, and Summary Judgement motions, he has produced evidence to the Court that the officers lied leading to the search to justify there actions, which is similar to Cooper v. City of Chester, 2013 U.S. Lexis 32830, 2013 WL 925067, at *3. In Cooper, police officers were denied summary judgement because the plaintiff produced evidence that the arresting officer "lied about the events leading to the shooting as a way to justify his actions. Id.

It's clear that Defendant Victor was lying, because he was not even the arresting officer, but alleged his partner Andrews (the arresting officer) seen a firearm on the front passenger seat. If the light was on, Victor who was on the driver side and approached the vehicle first, would have seen the firearm on the seat. Andrews wasn't in a position to see inside the vehicle, cause Plaintiff's vehicle was darkly tinted, at 2:00am in the dark of the night, unlike Victor who had Plaintiff at gun point with the window down on the driver side.

Victor testified on 11/21/11 before Schiller that,("the driver of the Impala later identified as Zamichieli, turned on the interior dome light and stuck his head out of the open window on the driver side, resting both arm on the window so that his body was facing Officer Victor, and asking why he had been pulled over"). Id. at 47-48.

Plaintiff argues, Victor's testimony clears shows that [he] had Plaintiff at gun point as he approached. The officer's testified, ("this was a normal traffic stop")("we were no longer searching for suspects in the shootings at that time"). Id. at 30,54-55. Plaintiff reargues, they were looking for suspects when Victor snatched him out the vehicle with gun drawned. If it was just a normal traffic stop, Victor would have asked for Plaintiff's paperwork. See Victor's testimony (Id. at 59-60)("he never asked for for Plaintiff's license, registration or insurance while he was in the car"). Lastly, Victor states, ("he never seen where his partner found the gun")(Id. at 57-58). Why didn't he see the gun, it was supposed to have been on the seat, did he forget the script?

Dove knew it was all lies, that's why he omitted the word "passenger seat" from the report/alleged interview of Victor by Detective John Verrechio, and replaced it with the word "passenger side." See Exhibit B, Report allegely prepared by Verrechio. Dove is liable for [o]mitting material information from the report, for [he] a reasonably trained officer knew the search was illegal despite the magistrate's authorization. See United States v. Leon, 468 at 922 (1984); see also Franks v. Delaware, 438 at 156 (1978)(quoting, "the [a]ffiant's remaining content is insufficient to established proble cause.").

Plaintiff argues, federal prosecutors relied on the lies and deception of defendant's unknowingly. "A decision of a prosecutor... will only constitute an intervening cause if the decision is genuinely free from deception." Hector v. Watt, 235 F.3d 154, 164 (3d Cir. 2000) (finding, the warrant "was not the result of a truly independent decision by a magistrate, but was rather contaminated and comprised by the officer's misinformation").

the classic "he said, she said" scenario, because plausible evidence and a competent's court's findings and jurisdiction establishes liability.

Plaintiff reiterates, defendants are barred by the Doctrine of Collateral Estoppel, from relitigating the issues already ruled upon by the Schiller Court. Defendants assert that they were not a party to the criminal matter, nor represented by counsel, but Plaintiff argues to the contrary.

Defendant Victor and Andrews were fully heard on [direct and cross examination] while being defended/represented by the Assistant U.S. Attorney in the Schiller Court, which establishes the elements of privity.

Additionally, Collateral Estoppel, or issue preclusion, prevents a party who litigated an issue even if the other litigants were not a party to the earlier proceeding. See Szehinsky v. AG Of The United States, 432 F.3d 253, 255 (3d Cir. 2005).

## II. CONCLUSION

Plaintiff argues, it is plausible that a jury will conclude that the defendants targeted him as their murder suspect, when they illegally searched his vehicle without probable cause. Moreover, evidence shows defendants fabricated evidence to justify the search and arrest, after learning Plaintiff was innocent of a murder. See Exhibit C, 11/21/11 testimony of Homicide Detective James Pitts, declaring Plaintiff's innocence. Summary Judgement should be Granted.

DATE: JANUARY 5, 2016                          RESPECTFULLY SUBMITTED,

                                               WHEELER ZAMICHIELI

(6)

## Philadelphia Police Department Arrest Report

Page 1 of 2 PARS

**Defendant:** last name: **ZANICHIELI**  
first name: **TROY**  
middle initial:  
Sex: Male   SSN: 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   DOB: 06/23/1972  
Race: Black   Birth Place: Philadelphia

**Address:** 605 ROBBINS  AV Philadelphia PA 19111-0000   Phone #: 215-000-0000

| | | | | |
|---|---|---|---|---|
| Year: 2011 | District: 35 | DC#: 11-35-012559 | PSA: 3 | Ctrl#: 00000 |
| PID: 0717642 | SID: 20761636 | OTN: N7283286 | Event: 220651955 | CBN: 1039480 |
| Crime Class: 1501 | | Desc: Weapons (carrying, possession of) violation uniform firearms act (adults) handgun | Authority: Philadelphia Police Department | |
| DFJ: N | | | FBI / FID: | |

**Arrest Name:** WHEELER ZAMICHIELI   DOB: 06/23/1971   SSN:

*handwritten: 2956259- 6-3271 p for 6-3350 #*

**Address given to PPD:** 605 ROBBINS AV Philadelphia PA 19100

**ARREST INFORMATION:**
Date / Time: 02/20/2011 02:28AM   District: 35   Inside/Outside: O   Arrest Type: SA
1900 CHURCH LN Philadelphia PA 19100-
Slating Date: 02/20/2011   Slating Time: 06:16AM   Sum/Warr:   Issued By AC Magistrate:

**OCCURRENCE:**
Date / Time: 02/20/2001 02:27AM   Date reported: 02/20/2011 02:28AM   Inside/Outside: O   Codefendants? N
N BEECHWOOD ST / CHURCH LN Philadelphia PA 19100-

**FACTS OF THE CASE:**
P/O VICTOR #5583 WAS INTERVIEWED AND STATED THAT WHILE WORKING WITH HIS PARTNER, P/O ANDREWS #3935 THEY WERE SURVEYING THE AREA AFTER A FOUNDED SHOOTING AT 2ND & LINTON STS. WHILE DOING SO, THE OFFICERS OBSERVED A CHEVY IMPALA TRAVELING AT A HIGH RATE OF SPEED IN THE AREA OF WISTER & NEDRO. P/O VICTOR STATED THAT THE OPERATOR OF THAT VEHICLE DISREGARDED A STOP SIGN AT THAT LOCATION AND AKMOST BROADSIDED THEIR MARKED POLICE VEHICLE. P/O VICTOR THEN STATED THAT THE OPERATOR CONTINUED TRAVELING ON WISTER AND THEN MADE A RIGHT ONTO CHURCH LN WHICH IS THE WRONG WAY ON A ONE WAY. THE OFFICERS WERE ABLE TO STOP THE VEHICLE AT BEECHWOOD & CHURCH LN. UPON APPROACHING THE VEHICLE, THE OPERATOR TRUNED ON HIS INTERIOR LIGHTS AND P/O ANDREWS OBSERVED A GUN ON THE PASSENGER SIDE AND IMMEDIATELY ALERTED HIS PARTNER. THE OPERATOR WAS REMOVED FROM THE VEHICLE AND A .38 CALIBER ROSSI REVOLVER WAS RECOVERED. THE GUN WAS LOADED WITH (5) "SPENT" FCC'S. THE OPERATOR WAS IDENTIFIED AS WHEELER T. ZAMICHIELI, DOB 6-23-71. THE WEAPON WAS PLACED ON A PROPERTY RECIEPT AND THE DEFENDANT WAS TRANSPORTED TO HOMICIDE FOR PROCESSING.

**CHARGES:**

| Code | OC | Description | Grade | Counts |
|---|---|---|---|---|
| CC6105 | | VUFA-FORMER CONVICT | F2 | 001 |
| CC6106 | | VUFA-NO LICENSE | F3 | 001 |
| CC6108 | | VUFA-ON STREETS | M1 | 001 |

**REQUESTED HEARING DATE:**   **REQUESTED HEARING LOCATION:**
02/28/2011 00:00   806 CJC: 1301 Filbert Street

**COMPLAINANTS AND WITNESSES:**
*Complainant(s)*
P/OFF VICTOR MELVIN, MELVI   Age: 99   Phone(H): 215-000-0000   Phone(W):   SSN: 246-36-5
- - 14th Police District - Phila PA 00000-

**ARREST REPORT BY:**   **Badge Description**   Unit Id  Platoon  Squad  Group Id
228660 DOVE RONALD RONALD   8003  60 Homicide   3   3   C

**ARREST REPORT APPROVED BY:**
Supervisor- payroll no:   Approval Code:

**POLICE PERSONNEL:**

| Employee Name | Payroll Number | Badge | Dist/Unit | Platoon/Group | Vacation Dates | Vacation Description | Needed At Hearing Police/Sup | Arrest OFC. |
|---|---|---|---|---|---|---|---|---|
| DOVE RONALD RONALD | 228660 | 8003 | 60/3 | 3 C | 07/14/2011 to 07/28/2011 | Vacation | N / R | N |
| VICTOR MELVIN MELVIN | 246365 | 5583 | 14/0 | 3 E | 11/06/2011 to 11/16/2011 | Vacation | Y / R | Y |
| ANDREWS WILLIAM WILLIAM | 248506 | 3935 | | E | 08/11/2011 to 08/25/2011 | Vacation | Y / R | Y |

**ADDITIONAL INFORMATION:**
Hits: Y   Statement?:   Lab User Fees Requested?: N   ADA Concerns?:

ev. 11/1996 COPY (# 1)   PD   06/01/2011 12:33:51

| INVESTIGATION INTERVIEW RECORD | PHILADELPHIA POLICE DEPARTMENT HOMICIDE DIVISION | CASE NO: M11-55 INTERVIEWER DET VERRECCHIO |
|---|---|---|
| NAME P/O Melvin Victor #5583 PR# 246365 | AGE    RACE | DOB |
| ADDRESS 14th 3-B | APARTMENT NO. | PHONE NO. |
| NAME OF EMPLOYMENT/SCHOOL | | SOC. SEC. NO. |
| ADDRESS OF EMPLOYMENT/SCHOOL | DEPARTMENT | PHONE NO. |
| DATES OF PLANNED VACATIONS 4-12-11 thru 4-22-11 & 11-6-11 thru 11-16-11 | | |
| DATES OF PLANNED BUSINESS TRIPS | | |
| NAME OF CLOSE RELATIVE | | |
| ADDRESS | | PHONE NO. |
| PLACE OF INTERVIEW 750 Race Street, Homicide Unit | | DATE 2-20-11    TIME 4:55 am |
| BROUGHT IN BY self | | DATE 2-20-11    TIME 4:50 am |
| WE ARE QUESTIONING YOU CONCERNING The recovery of a revolver during a car stop related to the shooting death of Sharif Watkins at 200 Linton. | | |
| WARNINGS GIVEN BY | | DATE    TIME |
| ANSWERS (1) (2) (3) (4) (5) (6) | | |

Q. P/O Victor, what was your tour of duty and assignment today?
A. Working 8:00 pm to 4:00 am, drop-back. Assigned to 14P3.
Q. Were you working alone or with a partner?
A. I had a partner, P/O William Andrews #3935, PR# 248506.
Q. What actions did you take concerning the shooting at 2nd and Linton Streets?
A. We responded to a radio call of a founded shooting in the 35th district and began surveying the area for suspects. As we were traveling in the area of Wister and Nedro, a red Chevy Impala was driving at a high rate of speed and almost broadsided us while disregarding a stop sign at this intersection. The vehicle continued on Wister and made a right turn onto Church Lane, which is the wrong way on a one-way street. We activated our overhead lights and siren and pulled the vehicle over at Beechwood and Church Lane. As we approached the vehicle, the operator turned on his interior lights. I was on the driver's side and P/O Andrews approached on the passenger side. P/O Andrews immediately saw a handgun on the passenger seat and announced, "Gun!" At this time, we removed the male from the vehicle and secured him for our safety. The male was asked if he had a permit to carry, to which he replied, "No." The weapon, a .38 caliber revolver, "Rossi, Interarms," which was loaded with five (5) spent cartridge casings, was recovered and later placed on a property receipt. The male was transported to the 35th district, and then to the Homicide Unit for further investigation.

[Handwritten margin notes: "Dove" omitted this from report DC# 11-35-012551]

Q. Other than telling you that he was not licensed to carry a firearm, did he make any other statements?
A. Yes, he asked what we were going to do with his car. He was told that the car would be locked and left at this location.
Q. Was there anybody else in the vehicle?
A. No, just the driver, Wheeler T. Zamichieli 39BM.
Q. Is there anything else you can add that may assist this investigation?
A. No, that's it.

EXHIB C

1  that he wasn't involved in our homicide and that's why the
2  interview with him was discontinued.
3  Q    And did you -- did you document your interview with the
4  Defendant?
5  A    No, there's no written interview.
6  Q    And why is that?
7  A    Because once the other information determined that he
8  wasn't involved in our homicide, we had a homicide that had
9  just occurred and that was more important than talking to him
10 about a handgun, to us, and I was -- we -- I took on other
11 duties in trying to solve the homicide.
12       MS. PRATTER:  Your Honor, I have no further
13 questions right now.
14       THE COURT:  All right.  Cross-examine?
15       MR. PARLOW:  Thank you very much, your Honor.
16                       CROSS-EXAMINATION
17 BY MR. PARLOW:
18 Q    Detective, you indicated for the Court that you've been
19 in Homicide since 2006?
20 A    Yes, sir.
21 Q    All right.  And have you conducted other interviews with
22 people accused of shootings?
23 A    Yes, I have.
24 Q    And I assume you've used your preprinted statement form
25 for defendants?

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

RECEIVED
JAN 11 2016

| | | |
|---|---|---|
| WHEELER ZAMICHIELI | : | CIVIL ACTION |
| Plaintiff, | : | |
| VS. | : | CASE NO. 12-3200 |
| | : | GREGORY M. SLEET, J. |
| WILLIAM ANDREWS, ET AL., | : | DELAWARE DESIGNATION |
| Defendants, | : | |

ORDER

AND NOW, this       day of            , 2016, upon consideration of Plaintiff's Reply To Defendants City Of Philadelphia, Officer Melvin Victor, Officer William Andrews And Detective Ronald Dove's Response In Opposition To Plaintiff's Motion For Summary Judgement, it is hereby ORDERED that Plaintiff's Motion For Summary Judgement is GRANTED.

BY THE COURT:

_____
GREGORY M. SLEET, J.

