IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WHEELER ZAMICHIELI | : | CIVIL ACTION |
| Plaintiff, | : | |
| VS. | : | CASE NO. 12-3200 |
| | : | GREGORY M. SLEET, J. |
| WILLIAM ANDREWS, ET AL., | : | DELAWARE DESIGNATION |
| Defendants, | : | |

PLAINTIFF'S SECOND MOTION TO COMPEL INTERROGATORIES
PRODUCTION OF DOCUMENTS DIRECTS TO DEFENDANT CITY
OF PHILADELPHIA

NOW COMES, PLaintiff Wheeler Zamichieli, on this 19th day of January, 2016, with his Second Motion To Compel Interrogatories And Production Of Documents Directed To Defendant City Of Philadelphia, pursuant to Federal Rules of Civil Procedure "Rule 37." In support thereof, Plaintiff avers the following:

I.  BACKGROUND

On February 23, 2014, Plaintiff filed his first set of Interrogatories and Request for Prpduction of Documents Directed to Defendant City of Philadelphia, pursuant to Fed.R.Cic.P. 26,33, and 34.

(1)

On June 18, 2014, Defendant City of Philadelphia filed Answers and Objections to Plaintiff's Request For Production of Ducuments and Interrogatories.

On June 11, 2015, Plaintiff filed his second set of Interrogatories And Request For Production of Documents Directed To Defendants' William Andrews, Melvin Victor, and Ronald Dove.

Thereafter, Plaintiff on August 17, 2015 filed a Motion To Compel Interrogatories and Production of Documents Directed to Defendants' Willaim Andrews, Melvin Victor and Ronald Dove. (D.I. 109).

The Court on October 26, 2015, ordered Municipal Defendants' to respond to PLaintiff's discovery request within 30 days.

On November 1, 2015, PLaintiff filed a Motion to Compel Interrogatories and Production of Documents Directed To the City of Philadelphia.

On November 18, 2015, Plaintiff received Defendants' Willaim Andrews, Melvin Victor, and Ronald Dove's Answer and Objection To Plaintiff's Request For Production of Documents and Intterrogatories, but the City of Philadelphia failed to respond to Plaintiff's Motion To Compel.

II. ARGUMENT

Plaintiff argues, Defendant City of Philadelphia has failed to comply with the Federal Rules of Civil Procedure "Rule 26,33, and 34," by not responding to Plaintiff's discovery request filed on February 23, 2014, and November 1, 2015. The City answers are also deemed as a failure to respond, due to evasive, in-complete dis-

(2)

closure, answers or response.

Plaintiff argues, the purpose of discovery and initial disclosure is to "clarify the basic issues between the parties and ... ascertain [] the facts or information as to the existence of whereabouts of facts, relative to those issues." Hickman v. Taylor, 329 U.S. 495, 501, 67 S. Ct. 385, 91 L.Ed.2d 451 (1947). This includes enabling a defendant 'to uncover the factual basis for plaintiff's damage claim." Directory Dividends Inc. v. SBC Commc'ns Inc., No. 01-1974, 2003 U.S. Dist. Lexis 24296, 2003 WL 23208804, at *3 (E.D. Pa. Dec. 31, 2003). To that end, "[m]utual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.., [and] either party may compel the other to disgorge whatever facts he has in his possession. Hickman, 329 U.S. at 507.

Plaintiff argues, defendants' has failed to make disclosure required by Fed.R.Civ.P. 26(a), and now moves for a second time for an order to compel disclosure and for appropriate sanctions, pursuant to Fed.R.Civ.P. 37(a)(3)(A). Additionally, defendants' answers are evasive in its response, and disclosure is incomplete, which is treated as as a failure to disclose, answer, or response. See Fed.R. Civ.P. 37(a)(4)(a).

Moreover, Rule 37 provides a procedure by which a party can move to compel a more complete disclosure if it believes its adversary's Rule 26(a) disclosure are insufficient, including a Rule 26 (a)(1)(A)(iii) computation of damages. See Id. see also, Gillum v. ICF Emergency Mgmt. Servs. L.L.C., No. 08-314, 2009 U.S. Dist. Lexis 43344, 2009 WL 1458200, at *3(M.D. La. May 21, 2009)(nothing that a defendant was capable of making some damages computations "on its own

(3)

based upon information within its possession or control"). U.S. ex rel Repko v. Guthrie Clinic, P.C., No. 04-1556, 2008 U.S. Dist. Lexis 47795, 2008 WL 2498292 (M.D. Pa. June 10, 2008).

Plaintiff also argues, defendants' are with-holding evidence that is not privileged, which is relevant to his claims and defenses. Pursuant to Rule 26(b)(1), "parties may obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any party. See Fed.R.Civ.P. 26(b)(1). The Federal Rules of Civil Procedure "allow broad and liberal discovery." Pacitti v. Macy's, 193 F.3d 766, 777 (3d Cir. 1999). Courts have interpreted the federal rules to mean that discovery encompasses "any matter that bears on or reasonably could lead the other matters that could bear on any issue that is or may be in the case." Kopalz v. Del. River and Bay Auth,, 225 F.R.D. 494, 496 (D.N.J. 2004).

Plaintiff argues, in the defendants' reponse to his interrogatories, they object to evidence/information Plaintiff request is not relevant, but Plaintiff argues, the evidence he's seeking is relevant to the subject matter of the action and may lead to admissible evidence for trial. See Carver v. City of Trenton, 192 F.R.D. 154, 159 (D.N.J. 2006).

## THE CITY OF PHILADELPHIA

Plaintiff requested Interrogatories from Defendant City of Philadelphia, pursuant to Federal Rule of Civil Procedure 33, and its [response] from questions 1-25 are incomplete:

Plaintiff argues, in Interrogatories 1-3 are incomplete, because the name and badge number of the Officer who reviewed and signed off on the 75-48 allegely prepared by Defendant Victor is not identified.

(4)

Plaintiff argues, the answers are relevant, because Andrews states in his answers that, Victor prepared the report. Victor states in his answers that, he prepared the 75-48. But, if you compared the handwiting and signature of the traffic citation by Victor, with the handwriting on the 75-48 allegely prepared by Victor, they do not match, [which] it is apparant that Victor did not prepare the report. Again, the Cpl. who reviewed and signed off on the 75-48, [has] not been identified through any PPD Reports. Did Dove prepared the 75-48 too?

Plaintiff argues, in Interrogatories 4-7,11-13, and 20 have not been answered at all by Defendant City of Philadelphia.

Plaintiff argues, Interrogatory 9, relates to Interrogaties 1-3, which the City's answer is in-complete.

Interrogatory 10, relates to Interrogatory 9, which the City's answer is in-complete.

Interrogatories 14-17,19,25, the City argues in its answers that, the request by Plaintiff is overly broad,vague, unduly burdensome, not relevant, and not reasonably calculated to produce admissible evidence. But Plaintiff argues, the burden is upon the party objecting to discovery to state grounds for the objection with specificity. See Fed.R.Civ.P. 33(b)(4); Momah v. Albert Eistein Medical Center, 164 F.R.D. 412, 417 (E.D. Pa. 1996). "Mere recitation of the familiar litany that an interrogatory or a document production request is overly broad, burdensome, oppressive and irrelevant will not suffice." Id. (quoting Joseph v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982)). The objecting part must demonstrate in specific

(5)

terms why a particular discovery request does not fall within the broad scope of discovery or is otherwise privileged or improper. See Goodman v. Wagner, 533 F.Supp. 255, 258 (E.D. Pa. 1982).

In Interrogory 20, Defendant City of Philadelphia omitted information that attorney William Spade filed a civil action suit against Defendant Ronald Dove, as well as disclosing the outcome of said action.

In Interrogatory 21, the City failed to answer by desribing any investigation into Plaintiff's arrest on Feb. 20, 2011, specifically, the alleged Homicide Investigation Interview of Defendant Victor, by Detective John Verrechio, as well as producing documents of said interview. Additionally, Plaintiff seeks information and documents regarding [who] ordered Plaintiff to be detained in the Homicide Unit, and what was the probable cause for doing so.

Plaintiff requested the Production of Documents from the City of Philadelphia, consistent with the Federal Rule of Civil Procedure 34, and the City responded as follows:

The City objected to production of documents requests Nos., 6-27 stating, "this request is overly broad, vague, unduly burdensome, not relevant, and not reasonable calculated to produce admissible evidence. Plaintiff argues, the City's answer will not suffice. Id.

Plaintiff argues, request No. 6 is relevant, because Police were searching for a suspect in a murder that happened at 2nd & Linton Streets. All Radio Calls, Cad Reports, All Purpose Bullentins, Flash Reports, Homicide Reports are relevant in connection with the time of Plaintiff's arrest, and the shooting, and detention at Homicide. This

(6)

evidence will show Defendants' lacked probable cause to stop, search, arrest, and have PLaintiff detained in the Homicide Unit.

Additionally, the City of Philadelphia refuses to disclose to Plaintiff the Stop & Frisk Policy, Police Training Manual, Customs, Practices and Procedures for arresting suspects and charging them with crimes, as well as, identify any prior citizens who have sued the City, as a result of Stop & Frisk, and it's failure to properly train. See Production of Documents Request Nos., 18,23,25-26, ect.

Plaintiff also argues, the City of Philadelphia after having received notice of Plaintiff's Motion to Compel, mailed to the Court as well as to Deputy Solicitor Brock Atkins on November 1, 2015, deliberately failed to respond, despite the Courts Order dated October 26, 2015, giving Municipal Defendant's 30 days to respond to Plaintiff's discovery request.

Moreover, the City Solicitor has failed to disclosed a deposition taken on Novmber 23, 2015 to Plaintiff.

Plaintiff argues, almost 4 years has past, and the City of Philadelphia has yet to disclose discovery to Plaintiff, to properly prepare and litigate his civil action. Furthermore, the nondisclosure, answers, response, and objections were not substantially justified, and so, Plaintiff ask the Court to Order the City to pay Plaintiff $1000 as reasonable expenses in obtaining this order to compel, pursuant to Rule 37(a)(4).

Wherefore, Plaintiff ask for a grant of this motion.

DATE: JANUARY 19, 2016                    RESPECTFULLY SUBMITTED,

*Wheeler Zamichieli*
WHEELER ZAMICHIELI

(7)

## CERTIFICATE OF SERVICE

I hereby certify that, a true and correct copy of the following: Plaintiff's Second Motion To Compel Interrogatories, And Production Of Documents Directed To Defendant City Of Philadelphia has been served upon the person below, via U.S. Eartern District Court Electronic Case Filing System "ECF," addressed as follows:

DEPUTY CITY SOLICITOR
BROCK ATKINS, ESQ.
CIVIL RIGHTS LAW DEPT.
1515 ARCH STREET, 14 FL.
PHILA, PA. 19102

DATE: JANUARY 19, 2016

RESPECTFULLY SUBMITTED,

*Wheeler Zamichieli*
WHEELER ZAMICHIELI
INST$67271-066
FEDERAL DETENTION CENTER
P.O. BOX 562
PHILA, PA. 19106

(8)

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WHEELER ZAMICHIELI | : | CIVIL ACTION |
| Plaintiff, | : | |
| VS. | : | CASE NO. 12-3200 |
| | : | GREGORY M. SLEET, J. |
| WILLIAM ANDREWS, ET AL., | : | DELAWARE DESIGNATION |
| Defendants, | : | |

<u>ORDER</u>

AND NOW, on this _____ day of _____, 2016, upon consideration of Plaintiff's Second Motion To Compel Interrogatories, And Production Of Documents Directed To Defendant City Of Philadelphia, it is hereby ORDERED that said motion Be and is GRANTED.

BY THE COURT:

_____
GREGORY M. SLEET, J.

**From:**
Wheeler, Michael
#67271-066
Federal Detention Center
P.O. Box 562
Phila, PA. 19106

Local mail

**To:**
United States District Court
Michael Kunz, Clerk of Court
21900 U.S. Courthouse
601 Market St.
Phila, PA. 19106