IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WHEELER ZAMICHIELI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 12-cv-3200-GMS |
| | ) | |
| WILLIAM ANDREWS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM

### I.    Background

The plaintiff, Wheeler Zamichieli ("Zamichieli"), a *pro se* litigant who is presently

incarcerated at the Federal Detention Center in Philadelphia, Pennsylvania, filed this civil rights

action in 2012.  Currently pending are Zamichieli's motion to alter or amend judgment construed

as a motion for reconsideration and motion for leave to file a fourth amended complaint.  (D.I.

128, 130.)

### II.    Motion for Reconsideration

Zamichieli moves for reconsideration of the court's April 15, 2016 order (D.I. 125) that

denied several motions (D.I. 114, 118, 121, 123) filed by Zamichieli.  (D.I. 128.)  Zamichieli

argues that reconsideration is appropriate on the grounds that:  (1) he has new evidence which the

court should consider and (2) the City of Philadelphia refuses to disclose discovery in its entirety.

The standard for obtaining relief under Rule 59(e) is difficult for Zamichieli to meet.  The

purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present

newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d

669, 677 (3d Cir. 1999).  "A proper Rule 59(e) motion . . . must rely on one of three grounds:  (1)

an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).  Motions for reargument or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).  Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

Zamichieli has failed to demonstrate any of the necessary grounds to warrant reconsideration of the court's April 15, 2016 memorandum and order that denied Zamichieli's motions found at D.I. 114, 118, 121, and 123.  Therefore, the court will deny the motion for reconsideration.  (D.I. 128.)

**III.  Motion for Leave to file a Fourth Amended Complaint**

On April 29, 2016, the court entered an order for the Clerk of Court to attempt to find counsel for Zamichieli from the Prisoner Civil Rights Panel.  In accordance with the Panel's protocol, the case was transferred from the active docket to the civil suspense docket pending the outcome of the attempt to obtain counsel for Zamichieli.  (*See* D.I. 129).

Subsequent to transfer of the case to the civil suspense docket, Zamichieli filed a motion for leave to file a fourth amended complaint. The court will deny the motion without prejudice to renew upon the transfer of this case to the active docket. Zamichieli is placed on notice that motions filed while this case is on the civil suspense docket will be docketed as not pending, there will be no ruling, and the motions will not be considered by the court.

## IV.   Conclusion

For the above reasons, the court will deny the plaintiff's motion for reconsideration (D.I. 128) and will deny without prejudice to renew the plaintiff's motion for leave to file a fourth amended complaint (D.I. 130).

An appropriate order will be issued.

_____, 2016
Wilmington, Delaware

UNITED STATES DISTRICT JUDGE

3