IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 12-182 (LDD) |
| WHEELER ZAMICHIELI | : | |

## GOVERNMENT'S TRIAL MEMORANDUM

I.  **THE INDICTMENT**

The indictment in this case alleges that from on or about July 13, 2011, through on or about August 16, 2011, in Philadelphia, in the Eastern District of Pennsylvania, defendant Wheeler Zamichieli, having been convicted in a court of the Commonwealth of Pennsylvania of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed in and affecting interstate commerce a firearm, that is, a Taurus, model PT738 TCP, .380 caliber pistol, serial number 54814A, loaded with four rounds of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e).

II. **FACTUAL BACKGROUND**

    **A. Prior Prosecution of the Defendant**

Zamichieli was arrested on February 20, 2011, after being stopped for traffic violations by Philadelphia Police Officers, who saw a gun in plain view on the seat of the red Chevrolet Impala which the defendant was driving. The defendant was released by local authorities pending trial in the local prosecution. This Office subsequently adopted the local case for federal prosecution, and ATF Special Agent Patrick Henning arrested the defendant on a federal complaint and warrant on July 13, 2011. The defendant was indicted on July 19, 2011. That case (11-CR-393) was assigned to Judge Berle Schiller. On July 29, 2011, Magistrate Judge

1

Timothy Rice ordered the defendant detained pending trial. Subsequently, the defendant filed a motion to suppress physical evidence and statements, claiming that his gun was not in plain view, and that the police officers impermissibly searched his car. Judge Schiller granted the suppression motion. Upon the government's motion, Judge Schiller dismissed that indictment.

### B. Current Prosecution of the Defendant

While Zamichieli was detained in the first prosecution, the government obtained recordings of his telephone calls from the Federal Detention Center ("FDC"), as well as his emails from the FDC. The investigation revealed that, after his local release, but before his federal arrest, Zamichieli had hidden contraband in a secret compartment in the Impala, the car in which he had been arrested in the previous case. The defendant had asked his then-girlfriend, Santina Simmons, to remove the contraband from the secret compartment. Simmons was the registered owner of the Impala.

On September 23, 2011, Agent Henning met with Simmons. Simmons said that she had spoken with the defendant on the phone from the FDC, and that he had directed her to remove a pistol that he had hidden behind the dashboard of the Impala. Zamichieli had previously shown her a hidden compartment in the Impala, which was behind the light switch to the left of the steering wheel, and noted that he could fit a gun inside. Simmons said that on or about July 14, 2011, at Zamichieli's direction, she had removed a small pistol from the compartment.

Simmons explained (and the prison telephone calls and emails confirm), that while he was out on bail in his local case, Zamichieli had arranged to sell a gun for $400 to Hakiem "Hak" Harris. Zamichieli asked Simmons to complete the pre-arranged sale with Harris, and suggested that she could arrange to meet Harris through Lamont "Jake" McNeal. On or about

August 16, 2011, Simmons went to McNeal's business, Nicetown Apparel Print and Promo, at 4732 Stenton Avenue in Philadelphia, and completed Zamichieli's gun sale with Harris. In exchange for the gun, Harris gave Simmons $400 in cash. Simmons sent $200 to Zamichieli at the FDC via Western Union, and kept the remaining $200 as reimbursement for a check she had previously written to Zamichieli's attorney.

On October 6, 2011, ATF Special Agent Sarah O'Reilly met with Simmons and took photographs of the inside of the Impala, including the hidden compartment where the gun had been located. On November 17, 2011, Agent Henning met with Harris at his residence in Philadelphia. Harris explained that before Zamichieli was arrested on federal charges, he and Zamichieli had arranged for Zamichieli to sell Harris his gun for $400. Zamichieli was arrested on federal charges before they could complete the sale. While Zamichieli was in the FDC, he and Harris spoke about completing the sale, and Harris subsequently bought the gun from Zamichieli for $400, via Simmons. Harris gave Agent Henning the gun, a Taurus, model PT738 TCP, .380 caliber pistol, serial number 54814A.

## III.  STATUTE CHARGED AND ELEMENTS OF THE OFFENSE

Title 18, United States Code, Section 922(g)(1) provides, in pertinent part, "It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition. . ."

To convict the defendant of possession of a firearm by a convicted felon, the government must prove the following three elements:

1. That prior to July 13, 2011, the defendant had been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year;

3

   2. That after this conviction, the defendant knowingly possessed the firearm described in Count One of the indictment; and

   3. That the defendant's possession of the firearm was in or affecting interstate or foreign commerce.

IV.     **STIPULATIONS**

The government has proposed a number of stipulations to streamline the trial for the Court's and jury's convenience. At the time of the filing of this memorandum the stipulations have not been signed by the defendant.

V.      **WITNESSES**

The Government may call the following witnesses in its case-in-chief:

   1. Firearms Examiner Kenneth Lay, Philadelphia Police Department (firearm operability)

   2. Special Agent Joshua Nugent, Bureau of Alcohol, Tobacco, Firearms and Explosives (interstate nexus of firearm)

   3. Fingerprint Comparison Analyst Sharon Forte, Philadelphia Police Department (prior felony conviction)

   4. Special Agent Patrick Henning, Bureau of Alcohol, Tobacco, Firearms and Explosives (fact witness)

   5. Santina Simmons (fact witness)

   6. Hakiem Harris (fact witness)

   7. Lamont "Jake" McNeal (fact witness)

The government reserves the right to supplement its witness list as may be required.

VI.     **PENDING MOTIONS**

The defendant has filed a suppression motion, which the Court has scheduled for oral argument on January 22, 2013. In light of additional discovery which will be produced shortly, the government expects that this motion will be withdrawn or denied.

The government intends to file a <u>Starks</u> motion regarding the defendant's prison telephone calls, and a motion to admit the defendant's proffer admissions as rebuttal evidence.

                                                    Respectfully submitted,
                                                    ZANE DAVID MEMEGER
                                                    United States Attorney

                                                  _____/s/_____
                                                  V. PAIGE PRATTER
                                                  Assistant United States Attorney

Date: January 9, 2013

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Government's Trial Memorandum was served by electronic filing to:

Michael K. Parlow
3618 Hulmeville Road
Bensalem, PA 19020
Phone: (215) 639-4400
Fax: (215) 639-4406
mparlow@zgplaw.com

          /s/
V. PAIGE PRATTER
Assistant United States Attorney

Date: January 9, 2013