IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WHEELER ZAMICHIELI, | : | CIVIL ACTION |
| | : | NO. 12-3200 |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM ANDREWS, et al., | : | |
| | : | |
| Defendants. | : | |

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                                July 26, 2021

**I.   INTRODUCTION**

This civil rights action arises from Plaintiff Wheeler Zamichieli's 2011 arrest by Philadelphia police officers and his subsequent prosecution. Zamichieli brings claims under 42 U.S.C. § 1983 and Pennsylvania law against seven police officers and the City of Philadelphia. Defendants now move for summary judgment on all counts. Because the record cannot support Zamichieli's claims, Defendants' motions for summary judgment will be granted.

**II.  BACKGROUND**[1]

The facts and procedural history of this matter are set forth fully in prior opinions from the instant action and the

---

[1] As required at the summary judgment stage, the Court views the facts "in the light most favorable to" the nonmoving party and draws "all reasonable inferences" in that party's favor. Young v. Martin, 801 F.3d 172,

underlying criminal case. See United States v. Zamichieli ("Zamichieli I"), No. CRIM.A. 11-393, 2011 WL 6133352, at *1 (E.D. Pa. Dec. 9, 2011) (Schiller, J.); Zamichieli v. Andrews ("Zamichieli II"), No. 12-CV-3200, 2016 WL 8732421, at *1–3 (E.D. Pa. Apr. 15, 2016) (Sleet, J.). The Court assumes familiarity with the history of the action and sets forth only those facts relevant to the instant motions.

Following a lawful traffic stop, Philadelphia Police Department Officers Andrews and Victor discovered a weapon in Zamichieli's vehicle. They arrested him for carrying a firearm without a license. The United States Attorney's Office adopted the case for federal prosecution and charged Zamichieli as a felon in possession of a firearm.

In the federal action, Zamichieli filed a motion to suppress the weapon. At the suppression hearing, Andrews testified that he saw the gun in plain view on the front passenger seat of Zamichieli's vehicle. Victor testified that Zamichieli turned on the interior dome light as the officers approached. Zamichieli disputed the officers' version of events and testified that he did not turn on the dome light, the gun was not in plain view, and the officers pulled him out of the car with guns drawn before searching the vehicle.

---

174 n.2 (3d Cir. 2015) (citing Tri-M Grp., LLC v. Sharp, 638 F.3d 406, 415 (3d Cir. 2011)).

After finding the officers' version of events implausible and crediting Zamichieli's testimony, Judge Schiller granted the motion to suppress. See Zamichieli I, 2011 WL 6133352, at *3. Upon the Government's motion, he dismissed the indictment. Zamichieli was held in federal custody for several months in connection with the charge.

In 2012, Zamichieli filed the instant action, asserting civil rights claims arising from his arrest and prosecution. In 2013, the matter was assigned to Judge Sleet.[2] In 2016, Zamichieli moved for summary judgment on the Third Amended Complaint, arguing "Judge Schiller's suppression hearing ruling precludes the defendants from relitigating issues or claims that have already been adjudicated." Zamichieli II, 2016 WL 8732421, at *4. Judge Sleet disagreed, concluding that suppression of the gun in the criminal case before Judge Schiller did not prevent this Court from considering the weapon in connection with Zamichieli's civil claims. Id. Judge Sleet also concluded that "collateral estoppel is inapplicable because privity does not exist between the defendants in the § 1983 action and the prosecution in the federal criminal matter." Id.

---

[2] Judge Sleet was at the time a District Court judge in Delaware. He was designated to hear the case in that all judges in the Eastern District of Pennsylvania were recused, given that one of the defendants was related by blood to a judge of this Court.

Following Judge Sleet's retirement, the matter was reassigned to the undersigned. In 2020, Zamichieli filed a Fourth Amended Complaint ("Complaint"), the operative pleading in the matter. He brings claims against Officers William Andrews, Melvin Victor, Ronald Dove, James Pitts, John Verrecchio, George Fetters, William Gallagher, and the City of Philadelphia. The claims are:

> Count I: § 1983 claim for violations of the Fourth Amendment (Victor and Andrews)[3]
>
> Count II: § 1983 claim for Monell liability (City)
>
> Count III: Malicious prosecution (Andrews, Victor, Verrecchio, Dove, and Pitts)
>
> Count IV: False imprisonment (Andrews, Victor, Dove, and Pitts)[4]
>
> Count V: Conspiracy (Andrews, Victor, Verrecchio, Dove, Pitts, Fetters, and Gallagher)
>
> Count VI: Negligence (Andrews, Victor, Verrecchio, Dove, Pitts, Fetters, and Gallagher)[5]

---

[3]   Count I also alleges Defendants violated Zamichieli's Fourteenth Amendment rights. However, the facts alleged in the pleading indicate that Zamichieli alleges unreasonable search and seizure, rather than due process violations. The Court therefore assumes that Zamichieli invoked the Fourteenth Amendment not as a separate cause of action, but because it makes the Fourth Amendment applicable to the states.

[4]   Defendants also purport to move for summary judgment on a false arrest claim, and Zamichieli opposes their motions on such a claim. However, the Complaint does not expressly contain a false arrest count. Regardless, this Court's analysis of any false arrest claim would not materially differ from its analysis of Zamichieli's false imprisonment claim, as both require a showing that Defendants lacked probable cause. See Harvard v. Cesnalis, 973 F.3d 190, 202 (3d Cir. 2020) ("Our probable cause analysis for false imprisonment is largely the same as our probable cause analysis for false arrest."); Barnett v. City of Philadelphia, 498 F. Supp. 3d 700, 709 (E.D. Pa. 2020) (analyzing false arrest and false imprisonment claims together).

[5]   Counts IV, V, and VI also name John Doe defendants.

Because the Complaint does not specify otherwise, the Court assumes that Zamichieli brings Counts III (malicious prosecution), IV (false imprisonment), and V (conspiracy) under both § 1983 and Pennsylvania law.

In 2020, Defendants moved to dismiss the Complaint. The Court denied the motions to dismiss without prejudice and ordered Defendants to answer the Complaint and take Zamichieli's deposition. The Court also ordered that no further discovery would be required absent court order. Defendants took Zamichieli's deposition and now move for summary judgment on all counts.

### III. LEGAL STANDARD

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" Physicians Healthsource, Inc. v. Cephalon, Inc., 954 F.3d 615, 618 (3d Cir. 2020) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). "A factual dispute is genuine if the 'evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Id. (quoting Anderson, 477 U.S. at 248).

The moving party bears the initial burden of showing the absence of a genuine issue of material fact. If the movant meets this obligation, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250. At the summary judgment stage, the Court must view the facts "in the light most favorable to" the nonmoving party and "draw all reasonable inferences in favor" of that party. Young v. Martin, 801 F.3d 172, 174 n.2 (3d Cir. 2015) (citing Tri-M Grp., LLC v. Sharp, 638 F.3d 406, 415 (3d Cir. 2011)).

**IV. DISCUSSION**

Defendants' three motions for summary judgment are presently before the Court. The first was filed by the City and Andrews, Victor, Verrecchio, Fetters, and Gallagher (collectively, the "Andrews Defendants"), who are represented by the City Law Department. Pitts and Dove, who are represented by private counsel, filed separate motions. The Court will address the motions in turn.

    A.    **Andrews Defendants**

        1.    Count I: Fourth Amendment (Victor and Andrews)

Zamichieli alleges Andrews and Victor violated his Fourth Amendment rights by unreasonably searching his vehicle.

The Fourth Amendment to the United States Constitution protects against "unreasonable searches and seizures," U.S.

6

Const. amend. IV, and is applicable to the states via the Fourteenth Amendment. Zamichieli brings his Fourth Amendment claim pursuant to § 1983, which provides "a method for vindicating federal rights elsewhere conferred." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979).

The party opposing a motion for summary judgment "must point to specific factual evidence showing that there is a genuine dispute on a material issue requiring resolution at trial." Chavarriaga v. N.J. Dep't of Corr., 806 F.3d 210, 218 (3d Cir. 2015) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)). Zamichieli has failed to do so.

Zamichieli has pointed to no admissible evidence supporting his claim that the officers' search of his vehicle was unreasonable. During his deposition, Zamichieli repeatedly invoked the Fifth Amendment to decline to respond to questions concerning the location of the gun in the vehicle.[6] He did not timely submit an errata sheet seeking to supplement his deposition testimony or request that the deposition be reopened.

---

[6]    At oral argument, counsel for Zamichieli contended that because the deposition was taken over the telephone and not in person, he was not able to consult with his client regarding Zamichieli's invocation of the Fifth Amendment privilege. This argument fails for several reasons.

First, counsel had the opportunity to discuss Zamichieli's expected testimony with him before the deposition. Second, counsel had the right to adjourn the deposition to discuss the invocation of the privilege with his client. Third, Zamichieli could have filed an errata sheet disputing his testimony. Fourth, counsel could have sought leave of Court to reopen the deposition. None of this was done in this case.

See Fed. R. Civ. P. 30(e).[7] Nor has he "show[n] by affidavit or declaration that, for specified reasons, [he] cannot present facts essential to justify [his] opposition" to the motion for summary judgment on this count. See Fed. R. Civ. P. 56(d).[8]

Because the record cannot support a finding that the officers' search of the vehicle was unreasonable, the Court will grant Andrews and Victor's motion for summary judgment on the Fourth Amendment claim.

### 2.   Count II: Municipal Liability (City)

Next, Zamichieli avers the City police had a pattern and practice of violating individuals' Fourth Amendment rights to be free from illegal search and seizure. He seeks to hold the City liable via § 1983 under a theory of Monell liability.

---

[7]   Zamichieli seeks to highlight a genuine dispute as to the reasonableness of the officers' search by pointing to the suppression hearing testimony before Judge Schiller. However, as Judge Sleet correctly determined, this Court is not bound by Judge Schiller's credibility determination in the criminal action. See Zamichieli II, 2016 WL 8732421, at *6.

[8]   The Court initially limited discovery in order to focus attention of the parties on the central issue of the case: Was the gun on the seat of Zamichieli's vehicle in plain view? Additional discovery would not have any impact on the outcome of the matter in that the only witnesses to the events at issue were two officers whose testimony is available from other proceedings and Zamichieli, who had the opportunity to testify to this issue at his deposition and chose not to by electing to invoke the Fifth Amendment privilege.

If discovery was necessary to oppose Defendants' motion for summary judgment, Zamichieli should have taken advantage of the provisions of Federal Rule of Civil Procedure 56(d), which permits the Court to defer consideration of a motion for summary judgment where the nonmovant shows that it cannot present facts essential to justify its opposition.

"[A] municipality is not liable for the unconstitutional acts of its employees just because of their employment, under a respondeat superior theory." Johnson v. City of Philadelphia, 975 F.3d 394, 403 (3d Cir. 2020) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)). However, the municipality may be liable under a theory of Monell liability "if a plaintiff 'demonstrate[s] that the violation of rights was caused by the municipality's policy or custom.'" Johnson, 975 F.3d at 403 (alteration in original) (quoting Thomas v. Cumberland Cnty., 749 F.3d 217, 222 (3d Cir. 2014)).

Zamichieli's attempt to establish municipal liability fails because he cannot demonstrate any underlying violation of his Fourth Amendment rights. See supra Section IV.A.1. Accordingly, the City is entitled to summary judgment on Count II.

        3.    Count III: Malicious Prosecution (Andrews, Victor, and Verrecchio)

Next, Zamichieli brings a claim for malicious prosecution, alleging Defendants brought criminal charges against him despite knowing that the search of his car was illegal.

To prevail on a claim for malicious prosecution under § 1983, a plaintiff must establish:

> (1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in [the] plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of

9

> liberty consistent with the concept of seizure as a consequence of a legal proceeding.

Harvard v. Cesnalis, 973 F.3d 190, 203 (3d Cir. 2020) (alteration in original) (emphasis added) (quoting Est. of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003)).

"The first four elements of a malicious prosecution claim are the same under Pennsylvania law, but a Pennsylvania malicious [prosecution] claim does not incorporate the federal 'deprivation of liberty' element." Zamichieli II, 2016 WL 8732421, at *8 n.7 (citing Kossler v. Crisanti, 564 F.3d 181, 186 n.2 (3d Cir. 2009)).

Here, Zamichieli's malicious prosecution claim fails at the third prong because the record cannot support a finding that the Andrews Defendants lacked probable cause to initiate the criminal proceeding. "Probable cause exists if there is a 'fair probability' that the person committed the crime at issue." Harvard, 973 F.3d at 199 (quoting Wilson v. Russo, 212 F.3d 781, 789 (3d Cir. 2000)). "While the question of probable cause is generally left to the jury, a court may conclude that probable cause exists as a matter of law 'if the evidence, viewed most favorably to [the nonmoving party], reasonably would not support a contrary factual finding.'" Goodwin v. Conway, 836 F.3d 321, 327 (3d Cir. 2016) (alteration in original) (quoting Sherwood v. Mulvihill, 113 F.3d 396, 401 (3d Cir. 1997)).

Because Zamichieli does not dispute that the gun was in his car when he was arrested in February 2011, the record cannot support a finding that Defendants initiated the criminal proceeding without probable cause. As Judge Sleet's 2016 opinion concluded, the suppression of the weapon in the criminal action before Judge Schiller does not preclude this Court from considering evidence of that weapon in connection with Zamichieli's § 1983 claims. See Zamichieli II, 2016 WL 8732421, at *4; see also Cox v. Pate, 283 F. App'x 37, 40 (3d Cir. 2008) (concluding that defendant officers had probable cause to arrest the plaintiff based on recovered contraband even though evidence of the contraband was suppressed in the underlying criminal action); Woodyard v. County of Essex, 514 F. App'x 177, 183 (3d Cir. 2013) ("The trial court's later suppression of certain witnesses' out-of-court identifications is irrelevant to a determination of whether probable cause supported the arrest warrant and the indictment.").

Accordingly, the Andrews Defendants are entitled to summary judgment on Zamichieli's malicious prosecution claim.[9]

---

[9] The Andrews Defendants also raise several arguments pertaining to a second federal criminal prosecution of Zamichieli involving a different firearm hidden inside Zamichieli's vehicle. See generally United States v. Zamichieli, No. 12-cr-182 (E.D. Pa. 2012) (Tucker, J.). However, the claims in the instant action arise solely from the arrest and prosecution involving the first weapon. Therefore, the Court need not reach the arguments involving the second gun.

11

4. <u>Count IV: False Imprisonment (Andrews and Victor)</u>

Next, Zamichieli brings a claim for false imprisonment against Andrews and Victor.

"[W]here the police lack probable cause to make an arrest, the arrestee has a claim under § 1983 for false imprisonment based on a detention pursuant to that arrest." <u>Harvard</u>, 973 F.3d at 202 (alteration in original) (quoting <u>Groman v. Township of Manalapan</u>, 47 F.3d 628, 636 (3d Cir. 1995)). To prevail on a claim for false imprisonment, "a plaintiff must establish: (1) that [he] was detained; and (2) that the detention was unlawful." <u>Id.</u> (alteration in original) (quoting <u>James v. City of Wilkes-Barre</u>, 700 F.3d 675, 682-83 (3d Cir. 2012)). A false imprisonment claim under Pennsylvania law has the same elements. <u>See</u> <u>Renk v. City of Pittsburgh</u>, 641 A.2d 289, 293 (Pa. 1994).

Because "false imprisonment claims will 'necessarily fail if probable cause existed for any one of the crimes charged against the arrestee,'" summary judgment in favor of the defendants "is proper only if no reasonable juror could find a lack of probable cause for any of the charged crimes." <u>Harvard</u>, 973 F.3d at 199 (quoting <u>Dempsey v. Bucknell Univ.</u>, 834 F.3d 457, 477 (3d Cir. 2016)).

As discussed, the record cannot support a finding that Andrews and Victor lacked probable cause to arrest Zamichieli. <u>See</u> <u>supra</u> Section IV.A.3. Accordingly, the Court will grant the

Andrews Defendants' motion for summary judgment on Zamichieli's false imprisonment claim.

### 5. Count V: Conspiracy (Andrews, Victor, Verrecchio, Fetters, and Gallagher)

Next, Zamichieli alleges Defendants conspired to communicate false statements about the officers' search "for the improper purpose of supporting charges" against him despite knowing "the illegal search of [Zamichieli's] vehicle would not support such charges." Compl. ¶¶ 76-77, ECF No. 159.

"To prevail on a conspiracy claim under § 1983, a plaintiff must prove that persons acting under color of state law reached an understanding to deprive him of his constitutional rights." Harvard, 973 F.3d at 208 (quoting Jutrowski v. Township of Riverdale, 904 F.3d 280, 293-94 (3d Cir. 2018)). "This requires that the state actors took 'concerted action' based on an 'agreement' to deprive the plaintiff of his constitutional rights, and that there was an actual underlying constitutional violation of the plaintiff's rights." Id. (quoting Jutrowski, 904 F.3d at 295).

To prevail on a claim for civil conspiracy under Pennsylvania law, a plaintiff must establish that "two or more persons combined or agreed with intent to do an unlawful act or to do an otherwise lawful act by unlawful means. Proof of malice, i.e., an intent to injure, is essential in proof of a

conspiracy." Thompson Coal Co. v. Pike Coal Co., 412 A.2d 466, 472 (Pa. 1979) (citations omitted). "[A] cause of action for civil conspiracy requires a separate underlying tort as a predicate for liability." In re Orthopedic Bone Screw Prods. Liab. Litig., 193 F.3d 781, 789 (3d Cir. 1999).

Because Zamichieli cannot establish an underlying violation of his rights, see supra Sections IV.A.3-4, he cannot establish a conspiracy based on such alleged violations. Accordingly, the Court will grant the Andrews Defendants' motion for summary judgment on the conspiracy claim.

### 6. Count VI: Negligence (Andrews, Victor, Verrecchio, Fetters, and Gallagher)

Finally, Zamichieli brings a negligence claim alleging Defendants failed to exercise reasonable care in executing their duties.

The Pennsylvania Political Subdivision Tort Claims Act immunizes Defendants from liability on this count. The Act provides that, "Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person." 42 Pa. Stat. and Cons. Stat. Ann. § 8541 (West 2021). The enumerated

exceptions for specified negligent acts do not encompass the conduct alleged in this lawsuit. See id. § 8542(b).[10]

Accordingly, the Court will grant the Andrews Defendants' motion for summary judgment on the negligence claim.

**B.   Dove**

Defendant Dove is named in Counts III (malicious prosecution), IV (false imprisonment), V (conspiracy), and VI (negligence). As with the Andrews Defendants, Dove is entitled to summary judgment on Counts III and IV because the existence of probable cause vitiates the claims. See supra Sections IV.A.3-4. He is entitled to summary judgment on Count V because Zamichieli cannot establish an underlying violation, and on Count VI because the Pennsylvania Political Subdivision Tort Claims Act immunizes Dove from liability. See supra Sections IV.A.5-6.[11]

Accordingly, the Court will grant Dove's motion for summary judgment.

---

[10] The exceptions apply to: (1) vehicle liability; (2) care, custody, or control of personal property; (3) real property; (4) trees, traffic controls, and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; (8) care, custody, or control of animals; and (9) sexual abuse. 42 Pa. Stat. and Cons. Stat. Ann. § 8542(b) (West 2021).

[11] Dove advances several additional arguments, including that he is entitled to summary judgment because Zamichieli's claims are barred by the applicable limitations period and because Dove is entitled to qualified immunity. Because the Court concludes that Dove is entitled to summary judgment for the reasons set forth above, it need not reach these additional arguments.

C.  **Pitts**

Like Dove, Defendant Pitts is named in Counts III (malicious prosecution), IV (false imprisonment), V (conspiracy), and VI (negligence). He moves for summary judgment for largely the same reasons as Dove. See supra Section IV.B.

Zamichieli did not respond to Pitts's motion. However, the Court cannot grant a motion for summary judgment merely because it is unopposed. See E.D. Pa. R. Civ. P. 7.1(c). Instead, it must conduct its own analysis of whether granting the motion is appropriate. See Fed. R. Civ. P. 56(e).

Granting Pitts's motion for summary judgment is appropriate for the reasons discussed in the Court's analysis of Dove's motion. See supra Section IV.B. Accordingly, the Court will grant Pitts's motion for summary judgment.

V.  **CONCLUSION**

For the reasons set forth above, Defendants' motions for summary judgment will be granted. An order consistent with this memorandum will issue.