IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WHEELER ZAMICHIELI** | : | **CIVIL ACTION** |
| | : | |
| v. | : | NO. 12-3200 |
| | : | |
| **WILLIAM ANDREWS,** *et al.* | : | |
| | : | |

**MEMORANDUM OPINION**

Henry, J. *s/CH*                                                                                           April 22, 2025

The Third Circuit remanded this matter to this Court to examine, in deciding the Defendants' three motions for summary judgment, whether it is proper to consider Plaintiff's prior suppression hearing testimony at the motion for summary judgment stage. *See Zamichieli v. Andrews*, 2024 WL 3466241, at *2 (3d Cir. July 19, 2024) ("*Zamichieli III*"). For the reasons that follow, I find that, because Plaintiff is available to testify at trial, I may consider Plaintiff's suppression hearing testimony at the summary judgment stage regarding the disputed location of a firearm in his vehicle. The suppression hearing testimony creates a genuine dispute as to a material question of fact, so summary judgment is improper as to five of the six counts.

**I.    FACTS**

Plaintiff Wheeler Zamichieli was charged with unlawful possession of a firearm in 2011 after a police officer claimed he saw a handgun in plain view in Plaintiff's car during a traffic stop. *Zamichieli III*, at *1. Plaintiff sought to suppress the firearm, and at the ensuing suppression hearing, the parties presented conflicting evidence as to the location of the gun at the time of the traffic stop. *Id.* The officers' testimony suggested that Plaintiff had turned on his car's interior lights and rolled down a tinted driver-side window, after which one officer saw a firearm on the front passenger seat. *Id.* Plaintiff's testimony was that the gun was hidden under the seat, and that

the officers approached his vehicle without probable cause, with guns drawn, pulled him out of the vehicle, handcuffed him, and searched the car, eventually finding the firearm. *Id.* The Honorable Berle M. Schiller found that the officers' version of the story was "implausible" and allowed suppression of the firearm. *See U.S. v. Zamichieli*, 2011 WL 6133352, at *2 (E.D. Pa. Dec. 9, 2011) ("*Zamichieli I*"). The government later dismissed the case. *Zamichieli III*, at *1.

However, while Plaintiff was detained on the firearm charge, the government surveilled his personal phone calls. *Id.* One of the phone calls indicated that Plaintiff asked his then-fiancée to retrieve a second gun from his impounded vehicle. *Id.* This call led to the government charging Plaintiff with another unlawful possession of a firearm charge. *Id.* Plaintiff was eventually convicted of that charge. *Id.*

Then, in 2012, Plaintiff filed this civil rights action against the officers involved in his initial arrest. *Id.* The civil case was first assigned to the Honorable Eduardo C. Robreno and was later reassigned to the Honorable Gregory M. Sleet of the District of Delaware in June 2013. *Id.* The case was reassigned again to Judge Robreno in March 2020, and in October 2020, Judge Robreno called for a joint deposition of Plaintiff. *Id.* at *1-2. During that deposition, Plaintiff invoked his Fifth Amendment privilege in response to all questions about the location of the gun in his vehicle. *Id.* at *2. After the deposition, Defendants moved for summary judgment on all counts. *Id.* In granting summary judgment, Judge Robreno declined to consider Plaintiff's suppression hearing testimony, holding that "this Court is not bound by Judge Schiller's credibility determination in the criminal action." *Zamichieli v. Andrews*, 2021 WL 3148881, at *3 n.7 (E.D. Pa. July 26, 2021) (*"Zamichieli II"*). He instead relied on the fact that, in his deposition, Plaintiff invoked his Fifth Amendment right to decline to respond to questions concerning the gun and held that Plaintiff had not pointed to any admissible evidence to support his claims. *Id.* at *3.

On appeal, the Third Circuit held that Judge Robreno granted the motions for summary judgment in error because he ignored Plaintiff's testimony in his suppression hearing about the location of the gun, which would have created a genuine and material issue of fact as to the events leading to his arrest. *See Zamichieli III*, at *2. The Third Circuit recognized that, at the summary judgment stage, the "nonmoving party need not 'produce evidence in a form that would be admissible at trial in order to avoid summary judgment.'" *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). "Instead, a court need only determine if the evidence is 'capable of being admissible at trial.'" *Id.* (quoting *FOP v. City of Camden*, 842 F.3d 231, 238 (3d Cir. 2016)). It thus directed this Court on remand to consider whether the suppression hearing testimony could be admitted at trial. *Id.* Due to Judge Robreno's retirement, this matter was assigned to me on remand.

II.   **ANALYSIS**

As a preliminary matter, the Court previously properly disposed of Count VI, which alleges negligence, because the Pennsylvania Political Subdivision Tort Claims Act immunizes Defendants from liability for negligence except for certain enumerated acts, none of which apply in this circumstance. *See Zamichieli II*, at *6.

Counts I, II, III, IV, and V, however, must survive summary judgment in accordance with the Third Circuit's order. When the motions for summary judgment were first before this Court, Judge Robreno held, in relevant part, that Plaintiff pointed to no admissible evidence supporting his claims that the officers' search of his vehicle was unreasonable (the basis for Count I, a Fourth Amendment claim and related Count II, municipal liability) or that probable cause was lacking (a requirement for Count III, malicious prosecution and Count IV, false imprisonment). He further held that Count V, conspiracy, must fail because Plaintiff could not establish an underlying violation of his rights in Counts III or IV. *See Zamichieli II*, at *3-6.

3

I hold that there is a genuine issue of material fact as to the location of the gun and circumstances leading up to Plaintiff's arrest, so summary judgment is improper. At the summary judgment stage, "hearsay statements can be considered . . . if they are *capable of being admissible at trial.*" See *FOP v. City of Camden*, 842 F.3d 231, 238 (3d Cir. 2016) (emphasis in original). "[T]he court need only determine if the nonmoving party can produce admissible evidence regarding a disputed issue of material fact at trial. The proponent need only 'explain the admissible form that is anticipated.'" *Id.* (quoting Fed. R. Civ. P. 56 advisory committee's note to 2010 amendment). In *City of Camden*, the Third Circuit held that "all that was required to survive" this aspect of a motion for summary judgment is that the proponent identify the declarant and note their ability to testify. *Id.* at 239.

The issue before me, then, is whether Plaintiff "can produce admissible evidence regarding [the] disputed issue of" the location of the gun at the time of the arrest. *See id.* at 238. I find that he can—Plaintiff is the declarant, and he presumably will be available in his own civil rights case against the officers to testify as to the contents of his suppression hearing testimony. That satisfies the inquiry as to whether there is an admissible form of evidence as to Plaintiff's side of the story. Having found that there is admissible evidence in the form of Plaintiff's own testimony as to the location of the gun, I am permitted to consider Plaintiff's suppression hearing testimony at the summary judgment stage. *Id.*; *see also Meigs v. Care Providers Ins. Servs., LLC*, No. 21-cv-867, 2023 WL 187494, at *7 (E.D. Pa. Jan. 13, 2023) ("While the text messages and email themselves may be inadmissible hearsay, their authors will testify at trial about their content. Therefore, the text messages and email can be considered at the summary judgment stage.").

Considering Plaintiff's suppression hearing testimony—which conflicts with the officers' testimony as to the location of the gun at the time of the incident—I find that there is a genuine

dispute as to a material fact. Summary judgment as to Counts I, II, III, IV, and V is therefore denied.

### III. CONCLUSION

For the reasons discussed more fully above, Defendants' motions for summary judgment are denied as to Counts I, II, III, IV, and V. Judge Robreno's grant of summary judgment as to Count VI remains in effect.